HENRY J. CHASE, Appellant, v. MOSES GRAY PALMER, Appellee.

APPEAL FROM PEORIA.

A deed without the name of a grantee when it was executed and acknowledged, is invalid.

It may be that the invalidity may be removed by proof.

THIS was an action of ejectment commenced and tried in the Peoria Circuit Court. There was a trial by the court and and jury at November term, 1861, which resulted in a verdict for the plaintiff for the undivided fourth of the south-east quarter of Section thirty-three, Town ten north, Range seven east.

There was a motion for a new trial, which was overruled, and a judgment was rendered for plaintiff below. The defendant below is appellant here.

J. K. COOPER, for Appellant.

N. H. PURPLE, for Appellee.

BREESE, J. The only objection we deem necessary to consider is the validity of the deed from Hutchings to Saunders, lying, as it does, at the very threshold of the plaintiff's case. The deed when offered in evidence, appeared to be printed on a half sheet of foolscap paper, somewhat soiled and torn, and the blanks filled, for the most part, by one and the same hand, and that hand, as is evident from inspection, was Cunningham's, one of the subscribing witnesses, and the magistrate before whom the acknowledgment was made.

It is claimed by the defendant that the words " of Boothbay in the county of Lincoln " were interlined, and were material as tending to identify the grantor by his residence. We think the words are material, but cannot regard them as interlined. They are in the handwriting of the scrivener who filled up most of the blanks, and follow, regularly, the name of the grantors and seem to have been written at the same time, and the mark known as the "CARAT"

is wanting to indicate them as an interlineation. It was perceived, doubtless, that the space was not sufficient to contain these words, together with the words "heir-at-law," so the scrivener placed these words where they are found, and filled the space with the latter words. The whole deed is rather rudely prepared, but we can find no erasure, alteration or interlineation in it, which can vitiate it, except one, and that is fatal to its validity. The deed, as is apparent on its face, had not, when executed and acknowledged, the name of any grantee in it. It was doubtless executed and sent out with a view of finding a purchaser and then inserting his name in the deed, and for that purpose, those parts of the printed deed were not filled up, as it was not known who the grantee might be. The name of the grantee, "Hirah Saunders," "Fulton," "State of Illinois," "Hirah Saunders his" thrice repeated, and "fourth," were evidently made a part of the deed since it was signed and acknowledged by the grantor, and the first "Hirah Saunders" was evidently written, partly under and in part over an erasure. We say so, because on inspection, these portions of it are in a different handwriting and in blue ink, whilst the rest of the filling up is in black ink, and not of so fresh an appearance as the words in blue ink. It being a principle generally received, that a deed without the name of a grantee in it at the time it is executed, is no deed, it would follow this deed was improperly admitted in evidence, against objections, and unexplained by the plaintiff, on whom the onus rested.

The counsel for the party offering this deed, does not deny, that it may be the name of the grantee was inserted after the execution of the deed, and if it was, he thinks there can be no valid objection to it. The delivery of such a deed, to be perfected when the grantee is found, by the insertion of his name in it, is no more, he argues, than the execution of a power of attorney to another to make a deed "out and out," and this was the opinion of one member of this court. But the law is the other way. In 2 Blackstone's Commentaries, at page 238, in treating of deeds of land, it is said, a deed is a writing, sealed and delivered by the parties, and was orginally

executed by all the parties to it, grantees as well as grantors. There must be in every grant, a grantor, a grantee, and a thing granted. This deed is wanting in one essential, namely, a grantee, and is therefore void. It might be very convenient, and probably productive of no injury to any interest of society, that a party, wishing to sell a tract of land, should be permitted to execute and deliver the deed to an agent, with a blank for the name of the grantee, to be filled up when a purchaser should be found, but the law does not permit it. The courts are organized to administer, not to make, the law. One of the most valuable principles pervading our jurisprudence, is, " that system of law is best which confides as little as possible to the discretion of the judge—that judge the best, who relies as little as possible on his own opinion."

This deed being void, it should have been rejected when offered and objection made. It was an objection which might have been removed by proof.

The judgment below is reversed, and the cause remanded.

*Judgment reversed.*