HENRY B. MASON

*v.*

JOHN B. MERRILL *et al.*

*Filed at Ottawa June 15, 1889.*

1. DESCRIPTION IN A DEED—*sufficiency.* Any description adopted in a deed by which the premises intended to be conveyed may be established and identified, is sufficient.

2. SAME—*extrinsic evidence in aid of description.* In placing a construction upon the description of land in a deed, extrinsic facts may be resorted to for the purpose of determining what was intended.

3. If the language of the deed is applicable to several persons, to several parcels of land, or the terms be vague and general, parol evidence is admissible of any extrinsic circumstance tending to show what things were intended by the party, or to ascertain his meaning in any other respect.

4. In this case, a deed of trust described the premises "as situate in C., county of Cook, and State of Illinois, to-wit, lots 9, 12 and 13, in block 11, and streets. The plat of C., aforesaid, was recorded in the recorder's office of Cook county, aforesaid, in book 143 of maps, p. 99, to which reference is made for a more particular description of the premises." The plat showed a street on the west of the lots, called "Michigan Terrace," lying between the lots and a right of way of a railway company. The extrinsic evidence showed that the street had been vacated by the legislature, and that the grantor owned such street, and had no other lots and street situated in a similar condition: *Held*, that these facts were sufficient to show that the trust deed passed the land between the lots and the railroad, which was formerly a street.

Appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Messrs. Mason Bros., for the appellant:

The words "and streets," in the deeds of trust, etc., do not describe the real estate in controversy, and are void for uncertainty. Appellant should be protected as an innocent purchaser for value.

We submit the following authorities as in point upon the issues in this case:

The expression, "except seventy-five acres before mentioned," held void for uncertainty. *Ditman* v. *Clybourn*, 4 Bradw. 542.

"Appurtenant," and such general words, do not help, if the particular description is insufficient. *St. Louis Bridge Co.* v. *Curtis*, 103 Ill. 410.

"The south-west part of the north-east fractional quarter" of a certain section was held void for uncertainty. *Carter* v. *Barnes*, 26 Ill. 455.

A devise is void for uncertainty. *Grand Tower Mining Co.* v. *Gill*, 111 Ill. 541.

A trust deed is in the strictest sense a mortgage. *Fitch* v. *Wetherbee*, 110 Ill. 475.

A mortgagor's equity of redemption may be levied upon and sold under execution. *Finley* v. *Thayer*, 42 Ill. 350.

Mr. GEORGE F. BAILEY, for the appellees:

The word "streets," in the trust deed through which appellees derive title, is not void for uncertainty, but conveys the property in controversy.  Parol evidence was competent to show its meaning, the intention of the parties to the deed, and to locate the property intended to be conveyed.

Any language which, by the aid of parol and extrinsic evidence, (say the court,) can be used to locate premises, may be adopted; and the description will be held void for uncertainty only where, after such evidence, it is still a matter of doubt what the grantor intended to convey. *Colcord* v. *Alexander*, 67 Ill. 581; *Chicago Dock Co.* v. *Kinzie*, 93 id. 415; *Sharp* v. *Thompson*, 100 id. 447; *Windett* v. *Hurlbut*, 115 id. 403; *Wilson* v. *Roots*, 119 id. 379; *Billings* v. *Coal Co.* 67 id. 489; 1 Greenleaf on Evidence, sec. 286.

The evidence offered for that purpose was competent and satisfactory, and showed that the grantor intended to convey, and the parties for whose benefit the deed was made expected to receive, as security, by that description, the premises in dispute.

The trustee did not, as stated in appellant's brief, "confess" or intimate "that he himself attached no meaning to those words."

Appellant was not an innocent purchaser for value, as is claimed, but simply a subsequent judgment and execution creditor with prior notice, actual as well as constructive.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellant, to recover a strip of land lying between the western boundary of the right of way of the Illinois Central Railroad Company and the eastern boundary line of lots 9, 12 and 13, in Cleaverville, which formerly constituted a part of a street known as

Michigan Terrace.   The following plat shows the location of the property:

Michigan Terrace originally was a street, but in 1865 the street was vacated by an act of the legislature.   After the vacation, Wadsworth acquired the title to lots 9, 12 and 13, and also to the strip in controversy.   Appellant claims title through a deficiency decree rendered April 22, 1878, in a suit in the United States Circuit Court for the Northern District of Illinois, against Wadsworth, to foreclose a mortgage on other premises, under which a *pluries* execution was levied January 17, 1885, "on all the right, title and interest which defendant, Wadsworth, had on April 22, 1878," to the strip of land in controversy, describing it first by metes and bounds, and con-

cluding as follows: "Said premises having been further described as the street east of the aforesaid lots 9, 12 and 13, and known as Michigan Terrace." Appellant purchased at the sale under the execution, and obtained a marshal's deed June 1, 1886.

Appellees claimed title as follows: First, a trust deed executed by Wadsworth on May 1, 1874, to George F. Bailey, trustee, to secure three notes, amounting, in the aggregate, to $11,000, due in five years, with interest, conveying the following premises: "Situate in Cleaverville, county of Cook and State of Illinois, to-wit: lots 9, 12 and 13, in block 11, and streets. The plat of Cleaverville, aforesaid, was recorded in the recorder's office of Cook county, aforesaid, in book 143 of maps, page 99, to which reference is made for a more particular description of the premises." Second, a deed from Bailey, the trustee, to appellees, dated March 5, 1879. This deed recites a default in the payment of the notes, a sale by the trustee for $10,000, and purports to convey lots 9, 12 and 13, block 11, and "streets."

It will be observed that the trust deed from Wadsworth to Bailey, under which appellees derive title, was executed nearly four years before the judgment under which appellant claims, was rendered. If, therefore, the description of the property in the trust deed was sufficient, the title passed before the decree was rendered. The only question, therefore, to be determined is, whether the premises in controversy passed by the description contained in the trust deed.

If nothing was to be considered except the bare description in the trust deed, there might be room for doubt as to its sufficiency to pass the title to the premises. But in placing a construction upon the description, extrinsic facts may be resorted to, to determine what was intended. Greenleaf on Evidence, (vol. 1, sec. 288,) says: "If the language of the instrument is applicable to several persons, to several parcels of land, * * * or the terms be vague and general, * * *

parol evidence is admissible of any extrinsic circumstance tending to show what things were intended by the party, or to ascertain his meaning in any other respect." In *Colcord v. Alexander*, 67 Ill. 581, a question arose whether the description of certain premises in a deed was sufficient to pass title, and it was there held that any description adopted in a deed by which the premises intended to be conveyed may be established and identified, is sufficient. And it is the settled doctrine, for the purpose of sustaining a grant, extrinsic evidence may always be used to identify and establish the objects of the call in the deed. A devise or grant will only be declared void for uncertainty, where, after resort to oral proof, it still remains a matter of mere conjecture what was intended by the instrument. (See, also, *Chicago Dock Co. v. Kinzie*, 93 Ill. 425.) Here, the fact that the premises had formerly been a street, and had been so known; that the street had been vacated; that Wadsworth owned this street, and no other; that he owned three lots joining the street, and had no other lots and street situated in a similar condition, were, in our opinion, sufficient to show that the trust deed from Wadsworth passed the title to the premises in question. There was a street on the south side of lot 13 and an alley on the west side of the lots; but Wadsworth did not own either that street or alley, and had no right to convey either, and no presumption can arise that he intended to convey property which he did not own; but, on the other hand, as he owned lots 9, 12 and 13, and also a strip of land which joined them and was known as a street, when he conveyed the lots by their appropriate numbers and conveyed streets, we think it plain that the intention was to convey the property in controversy.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*