## Marcus J. Miller v. Jacob H. Crouse.

1. TRIALS—*Conduct of the Judge.*—A remark of the trial judge as to what the evidence shows, where there is no evidence tending to prove differently and the question is not a controverted one, is not error.

2. CONVEYANCES—*Grantee's Name in Blank.*—A deed of land in which there is no grantee named, is a nullity.

3. ESTOPPEL—*Acceptance of Goods Without Complaint.*—Where a person received a stock of goods at an invoiced price according to the terms of an agreement and without objection, he will be estopped from afterward questioning the amount of the goods or the price at which they were invoiced.

4. INSTRUCTIONS—*When Superfluous.*—The court instructed the jury that certain matters, if proved, would not constitute a defense to the action. No defense of that kind was made. It was held not to be reversible error.

**Memorandum.**—Assumpsit. In the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding. Declaration on contract and common counts; plea of general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

O. F. WOODRUFF, W. H. A. RENNER and C. C. DUFFY, attorneys for appellant.

JAMES M. HUNTER, attorney for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellee brought this suit against appellant to recover damages resulting from a failure of title as to five acres of a tract of land conveyed by appellant by warranty deed to appellee as part of a consideration for a stock of goods, and also from a failure of appellant to convey to appellee another tract of one hundred and sixty acres agreed to be conveyed as a further portion of the consideration for said stock of goods. There was a trial and a recovery of $2,156.17.

The declaration alleged the making of a contract between the plaintiff and defendant, under which the defendant made

the warranty deed and by which he became bound to convey
the tract of .one hundred and sixty acres, and the main con-
tention on this appeal is that the contract as appearing in
the evidence varied materially from that so stated in the
declaration. The supposed variance arises out of a claim of
defendant that he made the contract with one Harry Horn-
ing and not with the plaintiff, but the evidence affords no
support to the claim. Plaintiff was the owner of a stock of
goods in Mt. Carroll, Illinois, of which Horning was in
charge as his agent. On June 16, 1891, defendant made a
contract with Horning by which he agreed to convey to
Horning one hundred acres of land in Carroll county, Illi-
nois, and one hundred and sixty acres in Kimball county,
Nebraska, and to pay eleven hundred dollars in cash, and
Horning agreed to deliver to defendant the stock of goods
which was to amount in value to eleven thousand dollars at
net cost. In this contract Horning did not disclose his
agency, but it was made known to defendant, and the plaint-
iff's relation to the transaction was fully understood before
any payment was made or any land conveyed. Defendant
was moving the goods to the railroad station and shipping
them away when Horning went to his principal, the plaint-
iff, and brought him from his residence in the country to
Mt. Carroll. Plaintiff and defendant then met in an ab-
stract office and from that time Horning was never recog-
nized as having any interest in the transaction and he never
had any connection with it. Plaintiff expressed dissatis-
faction with the arrangement. An examination showed
that defendant did not own one hundred acres in Carroll
county. A deficiency of five acres then appeared, and in lieu
of said five acres defendant agreed to convey one hundred
and sixty acres in Box Butte county, Nebraska. This agree-
ment was in writing dated June 20, 1891, and provided for
a conveyance to plaintiff on or before July 1, 1891, of said
tract by good and sufficient warranty deed, clear of all in-
cumbrances, at a value of sixteen hundred dollars, and this
agreement recited that said land was part consideration for
the dry goods stock owned by plaintiff and given in exchange

Miller v. Crouse.

to defendant. Long after that defendant wrote to plaintiff's attorney that he would fix the matter satisfactory to the plaintiff and his attorney.

Defendant paid the cash payment of $1,100 to the plaintiff or to his attorney for him and made the warranty deed to the plaintiff, of land in Carroll county. There is no evidence tending to prove that defendant thought or suspected that he had any engagement with Horning, or that such was the fact. There was no variance.

The court sustained an objection to a question of defendant's counsel as to what Horning said about the ownership of the goods and remarked, "I think the evidence all shows that the deal was made between Crouse and Miller as to the conveyance of the land." It is argued that this was an exceedingly grave error by which the court invaded the peculiar province of the jury, took the question from them and decided it himself. As there was no evidence tending to prove differently from the statement made, the question could not be regarded as a controverted one before the jury. No juryman could have found otherwise and no possible harm could have come to the defendant from the statement.

It turned out that defendant had no title to five acres of the tract of land in Carroll county, for which he finally made the warranty deed to plaintiff, and the plaintiff showed a right to recover the resulting damages. Defendant also failed to convey to plaintiff one hundred and sixty acres of land in Box Butte county, Nebraska, according to his agreement. He gave to the plaintiff's attorney a blank form of deed partly filled up, in which Gerhard Eykamp and wife appeared as grantors, and which described a quarter section in Box Butte county, Nebraska, but it did not contain the name of any grantee. It was therefore a nullity. Chase v. Palmer, 29 Ill. 306; Whitaker v. Miller, 83 Ill. 381.

The attorney inserted plaintiff's name as grantee, but no authority from the grantors for the act was shown. It is insisted that by the insertion of the name some right of the defendant was destroyed, that his deed was gone, and he

was left without redress, and that plaintiff should be estopped from questioning the validity of the deed. No right of defendant in the land was destroyed or affected, for the deed conferred none upon him or any other person, and as no right could be obtained or preserved by means of it there was no necessity of surrendering it.

Defendant sought to prove by a banker and a lawyer who had noticed the stock in a general way, what their opinion was as to its value, but neither of them showed any ability to give an opinion which would aid in determining whether or not the goods were invoiced at net cost according to the agreement. There was clearly no merit in any claim on that ground. The defendant received the goods in June, 1891, and in his letters written in February and March, 1892, wherein he promised performance on his part, he made no complaint as to the amount of the goods or the prices at which they were invoiced.

Complaint is made of the giving of the eighth instruction for plaintiff concerning inadequacy of consideration for an agreement, and the objection made to it is that no defense was made on that ground and no question was attempted to be raised as to inadequacy of consideration. As no defense of that kind was made, the instruction that such a defense would not defeat the agreement did no harm, and the objection that it was superfluous would not justify a reversal. The judgment seems to be right and it will be affirmed.