## MARCUS J. MILLER
### *v.*
## JACOB H. CROUSE.

*Filed at Ottawa November 25, 1895.*

ESTOPPEL—*vendee of land need not return void deed before suing for damages.* A vendee is not estopped from recovering damages for failure to convey real estate to him because of his failure to return a void deed, which was delivered, without naming any grantee, to his attorney, who, without authority, wrote the vendee's name therein, the vendee never having accepted such deed.

*Miller* v. *Crouse*, 56 Ill. App. 483, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JOHN D. CRABTREE, Judge, presiding.

O. F. WOODRUFF, and W. H. A. RENNER, for appellant.

JAMES M. HUNTER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee sold appellant a stock of goods for $2156.17, to be paid as follows: $1100 in cash, ninety-five acres of land in Carroll county, and one hundred and sixty acres of land in Boxbutte county, Nebraska. As alleged by the

plaintiff below, defendant failed to convey five acres of the Carroll county land and the one hundred and sixty acres in Nebraska, and this suit was brought to recover the estimated value of those lands. A trial in the circuit court resulted in a judgment for the plaintiff for $2156.17, $1600 of which seems to have been allowed on account of the failure to convey the Nebraska lands. On appeal to the Appellate Court for the Second District that judgment was affirmed, and a full statement of the facts will be found in the opinion of CARTWRIGHT, J. (56 Ill. App. 483.) On this appeal from that judgment of affirmance it is insisted, on behalf of appellant, that the judgment of the circuit court is erroneous in holding that there was a breach of the contract as to the conveyance of the Nebraska land.

It appears that appellant, subsequent to the purchase of the stock of goods, handed to the attorney of appellee a deed to one hundred and sixty acres of land in Nebraska, signed and acknowledged by a third party and wife, but with no grantee named therein, and that the attorney of appellee thereafter wrote appellee's name in the blank. Counsel maintain that appellee, through his attorney, accepted the deed, and that he has never returned the same to appellant or offered so to do, and for that reason, in the absence of proof of complaint on the part of the grantors or appellant, appellee is estopped to deny its validity, although it is conceded that the deed, when executed and acknowledged, was a nullity. This, counsel say, is really the only question they urge here as a ground of reversal. It is difficult to see how that position could be maintained in any view of the case, but it certainly is not tenable in this court. The deed being void for want of a grantee, when it passed out of the hands of the grantors could only become valid upon proof that some one with authority had written the name of the grantee therein and that appellee had acquiesced in that act,—or, in other words, with knowledge of the facts as

to how the deed had been executed, had accepted it. As a matter of fact, it appears that appellee never accepted the deed. Whether the name of the grantee was placed in the deed by authority of the grantors, and whether the grantee acquiesced therein, are questions of fact, which have been conclusively settled against appellant by the judgment of the circuit court and affirmance thereof by the Appellate Court. It certainly cannot be said, as a matter of law, that a void deed made and delivered to an attorney is such a conveyance as will estop a party from recovering damages for a failure to convey real estate unless he shows that he offered to return the void deed.

No errors of law are assigned upon this record which call for a reversal of the judgment of the Appellate Court, and it will accordingly be affirmed.

*Judgment affirmed.*