## CORNELIUS S. RICHEY, Admr.

### *v.*

## HECTOR M. SINCLAIR *et al.*

*Filed at Ottawa June 8, 1897.*

1. MORTGAGES—*when omission of mortgagee's name from granting clause will not invalidate mortgage.* The omission of the mortgagee's name from the granting clause will not invalidate a mortgage, where the party intended as mortgagee is identified by other parts of the instrument.

2. SAME—*when mortgage is not void for insufficient description of premises.* A mortgage covering "one acre of ground in the north-west corner" of a certain block, (the remainder of the description being properly given,) is not void for uncertainty of description of the premises, but will convey a square acre in such north-west corner.

3. LIMITATIONS—*section 18 of the Limitation act construed.* On foreclosure by a mortgagee against the grantees of the mortgagor, the time of the mortgagor's absence from the State after the right of action accrued on the mortgage debt cannot be reckoned as part of the time limited for the commencement of foreclosure proceedings against his grantees, although he is not a party to the suit.

4. SAME—*foreclosure is not barred so long as the mortgage debt is binding on the mortgagor.* As long as the mortgage indebtedness exists as a binding obligation on the mortgagor the mortgage may be foreclosed upon the mortgaged premises against him or his grantees.

*Richey* v. *Sinclair*, 67 Ill. App. 580, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This was a bill to foreclose a mortgage, brought January 4, 1895, by Cornelius S. Richey, administrator *de bonis non* of the estate of William J. Turner, deceased, against Hector M. Sinclair, Lynn Helm, Melville C. Eames, James C. Miller, the Mechanics and Traders' Loan and Building Association of Chicago, and Charles S. Young. The court sustained a demurrer to the bill and entered a decree dismissing it, and on appeal the decree was affirmed in the Appellate Court.

The question involved in this appeal is the sufficiency of the bill.   It alleges that on the 30th day of May, 1879, John A. Van Pelt was indebted to William J. Turner in the sum of $1000, and on that day executed his note for the said sum of money, payable to the order of William J. Turner six months after the date thereof, with interest at the rate of eight per cent per annum; that John A. Van Pelt on said day, to secure the payment of said note, executed under his hand and seal, and delivered to said William J. Turner, a mortgage for one acre of land off of the north-west corner of block 27 in South Lawn, being a subdivision of the south half of section 8, township 36, north, range 14, east of the third principal meridian, in Cook county, Illinois, which was duly acknowledged and recorded as a mortgage in the recorder's office in Cook county on the 27th day of September, 1879; that by some omission or mistake by the draftsman, William J. Turner's name did not appear as grantee in the usual place for the grantee's name in said mortgage deed, but it is recited in said mortgage deed that it was given by the party of the first part to secure a note given by the party of the second part for the sum of $1000, payable in six months from date, to the order of William J. Turner; that there is a public road eighty feet wide running through said block 27, diagonally from the north-west corner of said block to the south-east corner of the same, which road was opened and traveled many years prior to the platting of said block 27, and was then and is now a public highway, known as the Vincennes road; that said block was platted into nine lots, all abutting on said road, as shown by a plat made November 12, 1873, and recorded in the recorder's office of Cook county and made an exhibit to the bill; that the true intent and meaning of the mortgage were to give William J. Turner a lien on one acre of block 27, out of the north-west corner of the same; that William J. Turner died March 13, 1881, and Cornelius S. Richey was duly appointed administrator *de bonis non*

of his estate by the county court of Mercer county, Illinois, on the 8th day of June, 1884, and was duly qualified and gave bond; that John A. Van Pelt, on the 5th day of February, 1880, paid on said note $409.92, which is duly endorsed thereon; that on the first day of June, 1884, John A. Van Pelt left the State of Illinois and has not resided in said State since that time, but has continuously resided in the State of Iowa and Territory of Utah. It is also alleged that John A. Van Pelt, since the execution of the mortgage, has conveyed all of his interest in the property, which conveyance is subject to the mortgage.

The mortgage, attached to the bill as exhibit "A," was as follows:

"This indenture, made this 30th day of May, in the year of our Lord one thousand eight hundred and seventy-nine, between John A. Van Pelt, of the city of Chicago, in the county of Cook and State of Illinois, of the first part, and . . . . . . . . . . . . . . . . of the second part:

"Whereas, the said party of the first part is justly indebted to the said party of the second part in the sum of $1000, secured to be paid by a certain promissory note bearing even date herewith, payable six months after its date, at Aledo, Mercer county, Illinois, with interest at eight per cent per annum, to the order of William J. Turner:

"Now, therefore, this indenture witnesseth, that the said party of the first part, for the better securing the payment of the money aforesaid, with interest thereon, according to the tenor and effect of the said promissory note above mentioned, and also in consideration of the further sum of one dollar to me in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained, sold, remised, aliened and conveyed, and by these presents do grant, bargain, sell, remise, alien and convey, unto the said party of the second part, his heirs and assigns forever, all the following parcel of land situated in Cook

county, Illinois: one acre of land of the north-west corner of the block 27, in South Lawn, being a subdivision of the south half of section 8, township 36, north, range 14, east, in Cook county aforesaid. To have and to hold the same unto the said party of the second part, his heirs, etc.: *Provided always*, that if the said party of the first part shall well and truly pay to the said party of the second part the aforesaid sum of money in manner specified in the above mentioned promissory note, according to the true intent and meaning thereof, then these presents shall be void." (Release of homestead and covenants of seizure and general warranty, and signed, sealed acknowledged by John A. Van Pelt.)

The note, marked exhibit "B," was as follows:

"$1000.                    CHICAGO, ILL., *May 30, 1879.*

"Six months after date I promise to pay to the order of William J. Turner $1000, at Aledo, Mercer county, Illinois, with interest at eight per cent per annum, for value received.

JOHN A. VAN PELT."

BASSETT & BASSETT, and J. EDWARDS FAY, for appellant:

A mortgage must be construed most favorably to the mortgagee. *Stewart* v. *Wordin*, 42 Mich. 154; 2 Devlin on Deeds, sec. 848; 1 Jones on Mortgages, sec. 101.

The rule is to construe mortgages liberally, to effect the intentions of the parties and make them operative. 2 Devlin on Deeds, sec. 855.

Any description by which the premises can be found and identified is sufficient. If a surveyor can find the premises from the description it is good. 2 Devlin on Deeds, sec. 1012; *White* v. *Herman*, 51 Ill. 245; *Mason* v. *Merrill*, 129 id. 508.

A description of a certain number of acres out of the north-west corner of a tract of land is good. It will take the number of acres in a square out of the corner mentioned. *Walsh* v. *Ringer*, 2 Ohio, 327; *Bybee* v. *Hageman*, 66 Ill. 521.

The grantee of the mortgage is not protected when the mortgagor could not invoke the statute. *Medley* v. *Elliott*, 62 Ill. 534; *Brown* v. *Devine*, 61 id. 260; *Rockwell* v. *Servant*, 63 id. 424; *Litch* v. *Clinch*, 136 id. 428; *Norris* v. *Ile*, 152 id. 205; *Schifferstein* v. *Allison*, 123 id. 662.

Section 11 of the Limitation act is construed the same as and with section 18, and absence from the State applies in suspending the operation of the statute. Hurd's Stat. p. 895; *Schifferstein* v. *Allison*, 123 Ill. 664; *Banking Ass.* v. *Bank*, 157 id. 536.

H. T. & L. HELM, PARKER W. TEFFT, and BOWEN W. SCHUMACHER, for appellees:

There must be in every grant a grantor, a grantee and a thing granted, and a deed without the name of a grantee is invalid. *Chase* v. *Palmer*, 29 Ill. 306; *Whitaker* v. *Miller*, 83 id. 381.

The record of a mortgage from which the name of the mortgagee is omitted does not charge the subsequent purchaser with notice. *Disque* v. *Wright*, 49 Iowa, 538.

In cases of mistake in written instruments, as against *bona fide* purchasers for a valuable consideration without notice of the mistake, courts of equity will grant no relief. *Sickmon* v. *Wood*, 69 Ill. 329; *Knobloch* v. *Mueller*, 123 id. 554.

Any description which will not enable one to locate or identify the premises is void. 2 Devlin on Deeds, sec. 1010; *Carter* v. *Barnes*, 26 Ill. 455; *Borders* v. *Hodges*, 154 id. 505; *Shackelford* v. *Bailey*, 35 id. 391; *Brickey* v. *English*, 129 id. 650.

A patent ambiguity is fatal to a mortgage, and cannot be aided by parol. *Brandon* v. *Leddy*, 67 Cal. 43; *Campbell* v. *Johnson*, 44 Mo. 247; *Brown* v. *Guire*, 46 Miss. 299; 2 Devlin on Deeds, sec. 1011.

Unreasonable delay, not explained by equitable circumstances, will bar relief. *Hough* v. *Coughlan*, 41 Ill. 134; *Walker* v. *Douglass*, 70 id. 452.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It will be observed that the mortgage contained no mortgagee or grantee in that part of the instrument where the grantee's name should properly appear, the name of the mortgagee having been left blank in drafting the mortgage, and it is contended, and the Appellate Court so held, that the mortgage was void. The law is well settled that a deed without the name of a grantee is invalid. It is said there must be in every grant a grantor, a grantee and a thing granted, and a deed wanting in either essential will be void. (*Chase* v. *Palmer*, 29 Ill. 306; *Whitaker* v. *Miller*, 83 id. 381.) But can it be said the mortgage in question, when all of its provisions are considered, contains no grantee or mortgagee? Here the mortgage and a promissory note were executed at the same time, and they are to be treated as one instrument. In the beginning the mortgage recites that it is between John A. Van Pelt, of the first part, and................ of the second part. Here is an omission, and if the mortgage contained nothing to aid the defect or show who was intended as the mortgagee the defect might be regarded as fatal. The mortgage, however, contains this recital: "Whereas, the said party of the first part is justly indebted to the said party of the second part in the sum of $1000, secured to be paid by a certain promissory note bearing even date herewith, payable six months after its date, at Aledo, Mercer county, Illinois, with interest at eight per cent per annum, to the order of William J. Turner: Now, therefore, this indenture witnesseth, that the said party of the first part, for the better securing the payment of the money aforesaid, with interest thereon, according to the tenor and effect of the said promissory note above mentioned, and also in consideration of the further sum of one dollar to me in hand paid by the said party of the second part, have granted, etc., unto the said party of the second part," etc. Here is a plain statement in the mortgage that John A. Van Pelt, the

mortgagor, has executed a promissory note for $1000 to William J. Turner, and the mortgage is executed to secure the payment of the note according to the tenor and effect of the note. This shows, without any doubt, that William J. Turner, the payee of the note, was intended as the mortgagee or party of the second part in the mortgage. The *habendum* clause in the mortgage also has an important bearing. It is as follows: "To have and to hold the same unto the said party of the second part, his heirs, etc.: *Provided always*, that if the said party of the first part shall well and truly pay to the said party of the second part the aforesaid sum of money." Here is a statement, in effect, that the party of the second part is the person to whom the mortgage indebtedness is payable, and as the note given to William J. Turner represents that indebtedness, it seems clear he was intended as the party of the second part and the mortgagee. The fact that the name of the mortgagee did not appear in that part of the mortgage where ordinarily it should appear would not defeat the mortgage.

*Beaver* v. *Slanker*, 94 Ill. 175, is a case in point. In that case, in the body of the mortgage, in the granting part, the name of the mortgagor was written in the blank left for the name of the mortgagee and the name of the mortgagee in the blank left for the name of the mortgagor, and it was claimed that the error rendered the instrument invalid; but the court held otherwise, and in disposing of the question said (p. 186): "The mortgage was signed by Powell—not Buchanan. It purported to secure a debt from Powell to Buchanan,—not one from Buchanan to Powell,—and the certificate of acknowledgment expressed that the mortgage was acknowledged by Powell. The mistake in the transposition of the names of the mortgagor and mortgagee was palpable upon the face of the mortgage."

In a recent case in Maryland (*Ray* v. *Power*, 78 Md. 42,) the grantee's name was omitted in the granting clause of

a deed, but as it appeared from the face of the deed·who the party of the second part was, it was held that the defect did not vitiate the instrument. It is there said: "It is true that the name of Williamson, the grantee, is omitted from the granting clause; but it fully and clearly appears from the face of the deed that Nesbitt was the party of the first part and Williamson the party of the other part, and that Nesbitt sold to Williamson the lot of ground in said deed described for the sum of $3000, and that Williamson was the person who was 'to have and to hold' the said lot of ground, etc. This deed appears to contain the requisites of a good deed, even under the requirements of our code,—the name of the grantor and the name of one who is 'to have and to hold' the estate intended to be conveyed,—a consideration, and a description sufficient to identify the premises, and the interest or estate intended to be conveyed."

From all the provisions of the mortgage we think it sufficiently appears that William J. Turner was the mortgagee, and although defective the instrument was not invalid.

It is also contended that the mortgage is void for uncertainty or insufficiency of description of the premises. It seems to be well settled that any description in a deed by which the premises intended to be conveyed may be found and identified is sufficient. (*Mason* v. *Merrill*, 129 Ill. 503.) Here the land described in the mortgage was one acre of land of the north-west corner of a certain block. Surely a surveyor could have no trouble in finding the land. It would only be necessary to go to the north-west corner of the block and estimate the distance necessary to run each way to make an acre; then run south the required distance; thence east a like distance; thence north the same, then west to place of beginning. This would give an acre of land in the north-west corner of the block. The fact that a highway runs through the acre tract would not prevent the surveyor from locating

the road.   If the road is to be excluded, it would only be necessary to determine the quantity of land occupied by the road, and enlarge the lines in locating the acre so as to add that quantity of land to the acre.   The validity of a similar description was before this court in *Bybee* v. *Hageman,* 66 Ill. 519, and it was there held, that where a deed for land describes the same as so many acres in the north-west corner of a section it is not void for uncertainty, but will be taken to embrace the given number of acres in the form of a square in the north-west corner thereof.   The rule adopted in the case cited applies here.

It is also claimed that a bill to foreclose the mortgage is barred by the Statute of Limitations.   Section 11 of our Statute of Limitations provides: "No person shall commence an action or make a sale to foreclose any mortgage  *  *  *  unless within ten years after the right of action or right to make such sale accrues."   If this were the only section of the Limitation act bearing on the question there might be much force in the position of appellees.   But such is not the case.   Section 18 of the same chapter provides that if the person, "after the cause of action accrues, departs from and resides out of the State, the time of his absence is no part of the time limited for the commencement of the 'action."   Here the mortgage indebtedness became due November 30, 1879.   But there was a payment of $409.92 on February 5, 1880, so that the statute would only commence running from the date of payment, and would not have become a bar until February 5, 1890, had the mortgagor who owed the debt remained in the State.   The mortgagor, however, did not remain in the State, but on the first day of June, 1884, he left the State and has not resided here since that time. Under the language of section 18, *supra,* the absence of the debtor is no part of the time limited for the commencement of the action.   It follows, therefore, that unless section 18 is to be disregarded the statute has not run against the mortgage indebtedness, (*Wooley* v. *Yarnell,*

142 Ill. 442,) and the Statute of Limitations relied upon was no defense to the action.

But it is claimed that as this is not an action upon the debt against the mortgagor, but is a proceeding against the grantees of the mortgagor, the provision of section 11 of the Limitation law limiting the time of foreclosure to ten years is imperative, and cannot be modified by the other sections of the statute which relate to an absent debtor or an existing debt which has been kept alive by making payments. We cannot concur in that view. The fact that the mortgagor was not made a party has no bearing on the question. If the mortgage indebtedness was paid or barred by the Statute of Limitations when the action was brought, a bill to foreclose the mortgage could not be maintained. If, on the other hand, the debt had not been paid or was not barred by the statute the mortgage could be foreclosed. In *Pollock* v. *Maison*, 41 Ill. 516, it was held that the existence of the debt which a mortgage is given to secure is essential to the life of a mortgage, and when the debt is paid, discharged, released or barred by the Statute of Limitations the mortgage is gone and has effect no longer. We think that it may also be laid down as a correct proposition, that so long as the mortgage indebtedness exists as a binding obligation against the mortgagor the mortgage securing that indebtedness may be foreclosed. In *Emory* v. *Keighan*, 88 Ill. 482, it was held that the rights of one holding under a mortgagor of real estate may be affected by the fact of payment of interest or payment of a part of the mortgage debt by the mortgagor after maturity and before the Statute of Limitations has run, although he may not be a party to either. It was also held that the grantee of a mortgagor is not a party to the payment of interest, and is not bound by any receipt given for such payment, but he is affected thereby in so far as regards his defense under the Statute of Limitations. Upon the same principle and for a like reason the grantee of the mortgagor

will be affected by the fact that the mortgagor has gone out of the State and thus arrested the running of the Statute of Limitations.

Whether the absence from the State of a mortgagor would arrest the running of the Statute of Limitations in a proceeding to foreclose by sale under a power in a mortgage, as against a grantee of the mortgagor, arose in *Emory* v. *Keighan*, 94 Ill. 543, and it was held that as the note, at the time of the sale, was legally enforcible against the mortgagor, the sale was valid and passed title to the purchaser.  It is there, among other things, said (p. 546): "It is urged that the statute only permits the deduction of the time a debtor is absent from the State in actions brought for a recovery of the note, and as no action was brought, the deduction of the time could not be made to uphold the sale under the mortgage.  We are unable to perceive the force of the argument.  The power of sale inserted in the mortgage was for the purpose of subjecting the mortgaged property to the payment of the debt so long as it remained in force.  Its legal effect was to authorize a sale after the debt matured, so long as it remained in existence and binding on the mortgagor.  The mortgage was a mere incident of the debt, and inhered to it as long as the debt remained in force against the mortgagor, as nothing was done to release or separate it from the debt.  The statute not having barred the debt as to Tynor, the mortgagee, as the holder of the note, could have sued on it.  He could have foreclosed by bill in equity,  *  *  *  up to the time of the sale, and as the parties had agreed that the mortgagor's equity of redemption might be foreclosed by a sale such as was made, we are unable to perceive why such a foreclosure might not be had as effectually as by either of the other modes."  The doctrine of the above case is applicable here.  So long as the debt was not barred the mortgagee was entitled to foreclose the mortgage against the mortgagor or his grantees.

It is also said in the argument that complainant has been guilty of *laches*, and on that ground the bill cannot be maintained. As to that defense, it is sufficient to say that the doctrine of *laches* has no application to a case of this character.

The judgment of the Appellate and Superior Courts will be reversed, and the cause will be remanded for further proceedings in conformity to this opinion.

*Reversed and remanded.*