WILLLIAM A. ROBINSON, Appellant, vs. THOMAS B. YETTER, Appellee.

*Opinion filed February 19, 1909.*

1. FRAUD—*fraud is a good defense to suit at law on a simple contract.* In an action at law on a written contract which is not under seal, fraud, consisting of false representations as to the nature and value of the consideration, is a good defense, and resort to a court of equity to set aside the contract on that ground is not necessary.

2. EVIDENCE—*when proof of fraud is admissible in replevin.* In replevin to recover a stock of goods claimed by the plaintiff to have been acquired by him from the defendant under a contract to trade it for the plaintiff's farm, the defendant may show that the plaintiff represented that there was· no hard-pan under the soil, when, in fact, there was hard-pan on the whole farm.

3. SAME—*a witness should be allowed to state what. he understands by term "hard-pan."* Where the plaintiff in a suit at law involving the sale of his farm denies that there was hard-pan on such farm, he should be allowed to state what he understands by the term "hard-pan" and what is hard-pan in the State where his farm is located; but a refusal to allow such testimony is harmless, where he was allowed to testify that he was acquainted with the different soils of that State, knew hard-pan when he saw it,· and that he had had experience with that kind of land.

4. REPLEVIN—*where concurrent acts are to be performed title does not pass until performance.* Where, under a written contract for the exchange of a stock of goods for a farm, the making of a good conveyance for the farm is to be concurrent with the passing of title to the stock of goods, the owner of the farm acquires no title to the goods until he has performed his part of the contract, even though he has possession of the goods.

5. SAME—*when party is not entitled to retain or recover possession of goods.* Under a contract for the exchange of a stock of goods for a farm, whereby the owner of the farm is to furnish an abstract showing good merchantable title and deliver a good warranty deed, the fact that he receives possession of the goods does not entitle him to retain such possession or recover the same in an action of replevin unless he has performed his part of the contract or tendered performance before the time therefor expires.

6. CONTRACTS—*a written contract cannot be varied by verbal contemporaneous agreement.* Where, so far as appears from a

written contract for the exchange of a stock of goods for a farm, the deliveries of possession by the respective parties were to be concurrent, such contract cannot be varied by proof of a parol agreement, made at the same time the written contract was signed, that immediate possession of the stock of goods should be given.

7. DEEDS—*when deed is invalid at the common law.* A deed in which the name of the grantee and the amount of the consideration are left blank at the time of the execution and delivery of such deed is invalid at common law.

8. INSTRUCTIONS—*it is not error to ignore a question not involved in the suit.* It is not error for an instruction to ignore a question which was not raised upon the trial in any way and which was in no way involved in the suit.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Hancock county; the Hon. JOHN A. GRAY, Judge, presiding.

S. L. McCRORY, and W. H. HARTZELL, for appellant.

APOLLOS W. O'HARRA, and DAVID E. MACK, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On March 16, 1904, the appellant, William A. Robinson, of Harrison county, in the State of Iowa, and the appellee, Thomas B. Yetter, who was engaged in the retail mercantile business at Fountain Green, in Hancock county, in this State, entered into a written agreement at Shelbina, in Shelby county, Missouri, for the exchange by Robinson of a farm of 240 acres in Monroe county, Missouri, for the stock of goods, store building, residence and lot of Yetter in Fountain Green. By the contract Robinson agreed to convey the farm to Yetter by a good and sufficient warranty deed conveying a merchantable title for a consideration of $18,000, of which $12,250 was to be paid by the

238—21

conveyance to Robinson by Yetter of the stock of goods and real estate, and the remainder by assuming an encumbrance on the farm of $5500 and the payment of $250 in cash on or before April 1, 1904. Robinson was to furnish an abstract of title showing a merchantable title, as specified, and in case of any material defect he was to have a reasonable time to clear the title, and if a defect could be removed and the title made good by a proceeding in court, he was to have the opportunity and option to bring and prosecute a suit for that purpose before the sale should be void. He was to pay all taxes on the farm and interest that might be due on April 1, 1904, and to give possession of the premises on that day. On April 9, 1904, Robinson tendered to Yetter, at Fountain Green, a deed of the farm, and Yetter refused to accept it or carry out the contract. On April 12, 1904, Robinson brought this suit in replevin in the circuit court of Hancock county against said Thomas B. Yetter and his son, L. Earl Yetter, for the possession of the stock of goods, and afterward filed his declaration, alleging in the first count an unlawful taking and detention of the goods by the defendants, and in the second count an unlawful detention of the same. The defendants filed pleas of *non cepit, non detinet,* property in the defendants severally and property in them jointly. The suit was dismissed as to the defendant L. Earl Yetter, and there were three jury trials of the issues. The first trial resulted in a verdict for the plaintiff, and the court granted a new trial. On the second trial the jury failed to agree, and the third resulted in a verdict finding the issues for the defendant and that he was the owner of the property. A motion of the plaintiff for a new trial was overruled and judgment was entered against him for costs and awarding a writ of *retorno habendo.* On appeal to the Appellate Court for the Third District the judgment was affirmed, and from that judgment this appeal was taken.

When the contract was entered into the plaintiff did not have any title to the farm, and the defenses in this suit were that he never acquired title and the deed tendered by him to the defendant was not effective to convey title, and that the execution of the contract was procured by false and fraudulent representations of the plaintiff that there was no hard-pan in the soil of the farm. When the contract was made, Katherine Hermann, who lived in Lee county, near Rochelle, Illinois, was the owner of the farm and the plaintiff was her agent to sell it. Mrs. Hermann and her husband had entered into a contract on January 18, 1904, through the agency of the plaintiff, to convey the farm to George A. Cooper, of Media, Illinois, in consideration of $11,075, and the plaintiff received $240 for negotiating the sale. When that contract was made Cooper told the Hermanns, if they did not hear from him any further, to leave the name of the grantee blank,—that he might want to have his wife's name put in it. Cooper said he was dealing in property in his wife's name, and the understanding was that he was to insert either his own name or that of his wife, and nothing was said about any other person as grantee. After making the contract with the defendant the plaintiff went to Rochelle, and on March 21, 1904, Katherine Hermann and her husband, Edward, signed and acknowledged a deed of the farm, leaving the name of the grantee and the amount of the consideration blank, and delivered the same to the plaintiff, who gave his personal check for the purchase price. Nothing was said on that occasion about the name to be written in the deed as grantee, and it was delivered without any direction on that subject. The plaintiff inserted his own name as grantee and $14,000 as the consideration, and that deed was the source of his alleged title.

When the contract was prepared it was signed by the plaintiff and defendant, and they then talked over the terms of the contract and the different things provided for in it,

such as where the abstracts were and what was to be done. There was evidence for the plaintiff that he then said that so far as he was concerned the defendant had possession of the farm to lease or do with it as he pleased, and the defendant said that the plaintiff had possession of the store or was in possession now, or words to that effect. The defendant in his testimony emphatically denied that there was any such conversation respecting the possession of the farm or the stock of goods, and he did not, in fact, take possession of the farm. The plaintiff returned with the defendant to Fountain Green and stayed with the defendant at his house and was in and about the store for a number of days. The defendant and his son were also in the store and sold the goods, although plaintiff occasionally did something in that line. The plaintiff claimed that he was in possession during that time and that defendant introduced him to the customers as his successor in the business, but the evidence for the defendant was that the plaintiff wanted to go with him and keep track of the stock of goods and also for the purpose of getting acquainted with the business and the people, and that he was not to have possession until the trade should be closed up.

The defendant offered evidence that when he saw the land and the contract was executed the farm was covered with snow, so that he could not tell anything about the soil or the nature of it; that plaintiff represented there was no hard-pan under the soil, and said that he had bored down into the land and there was no hard-pan under it, while, in fact, there was only six inches of soil, under which there was hard-pan on the whole farm, and that in plowing it it took a very hard instrument to do anything with it. The evidence was objected to but the objection was overruled, and it is contended that the court erred in the ruling for the reason that the defendant was not entitled to show fraud consisting of false representations as to the nature and value of the consideration. The argument is, that the

defendant could not avoid the effect of his contract by showing fraudulent representations as to the nature and value of the land, but must resort to a court of equity to set aside the contract on that ground.   The rule contended for applies where a contract is under seal, and in that case relief on the ground of fraud relating merely to the consideration must be obtained in a court of equity.   A seal imports a consideration, and a court of law refuses to investigate the question whether there were fraudulent representations touching merely the nature or value of the consideration, but leaves the party to a court of equity, where the consideration may be impeached for fraud and the instrument can be set aside upon such terms as are equitable and just between the parties.   (*Papke* v. *Hammond Co.* 192 Ill. 631; *Escherick* v. *Traver,* 65 id. 379.) The remedy there is by a direct proceeding to set aside the instrument.   But the same rule does not apply where the suit is on a simple contract, and in such a case fraud is a good defense.   (*Escherick* v. *Traver, supra; Farmers and Mechanics Life Ass.* v. *Caine,* 224 Ill. 599; *Jackson* v. *Security Mutual Life Ins. Co.* 233 id. 161; 2 Parsons on Contracts,—5th ed.—783.)   The court did not err in admitting the evidence offered by the defendant.

The plaintiff denied that there was any hard-pan under the land, and said he did not remember making the alleged representations.   He was then asked what he understood by hard-pan and what was hard-pan in Missouri, but the court sustained objections to the questions.   It would have been proper to ascertain what plaintiff understood by the word when he said there was no hard-pan under the soil and also what was called hard-pan in Missouri, and the court ought to have permitted the witness to answer.   It is true that hard-pan is defined in dictionaries, but it does not necessarily follow that the plaintiff understood the word in the precise meaning given by the dictionaries or that it was ordinarily used in that sense in Missouri and witnesses for

the defendant had described what they understood to be
hard-pan. The court limited the plaintiff to saying whether
there was hard-pan on this land or not, but the error was
not of such a character as to require a reversal of the judg-
ment. The plaintiff testified that he was acquainted with
the different soils in Missouri; that he knew hard-pan when
he saw it; that he had had experience with land of that
character and that there was no hard-pan on this farm.
That testimony covered the material question submitted to
the jury.

The remaining questions arise upon the giving and re-
fusal of instructions. The court gave instructions num-
bered 1, 2, 3 and 4 at the instance of defendant, advising
the jury that the plaintiff could not recover unless they be-
lieved, from the evidence, that the defendant delivered pos-
session of the stock of goods to the plaintiff at or after the
making of the contract and that the plaintiff had been in
such possession. The seventh instruction given at the re-
quest of the plaintiff told the jury that if, at the time of
the making of the contract, it was the intention of the par-
ties that the property involved in the suit should at once
become the property of the plaintiff, then he at once became
entitled to its possession, and it was not necessary for him
to prove that he ever had actual possession of the goods,
provided he was ever ready to carry out his part of the con-
tract and had the ability to do so. The construction of the
written contract was for the court, and counsel are agreed
that it did not provide for possession of the stock of goods
by the plaintiff before performance by him. Where con-
current acts are to be performed title does not pass until
performance. (*Jennings* v. *Gage,* 13 Ill. 610; *Roddin* v.
*Shurley,* 66 id. 23.) The contract did not fix any time for
the delivery of the goods other than the time specified for
the possession of the farm, which was April 1, 1904. The
plaintiff was to furnish an abstract showing a merchantable
title and to deliver to the defendant a good and sufficient

warranty deed, and there were other stipulations as to cur-
ing defects and clearing the title.  So far as the written
contract went, the deliveries of possession by the respective
parties were to be concurrent, but the plaintiff relied upon
evidence that at the time the contract was signed there was
a discussion as to its terms, which gave the plaintiff the
right to immediate possession of the stock of goods, and
that possession was delivered to him in pursuance of the
arrangement then made.  The contract having been re-
duced to writing, it afforded the only evidence of its terms
and conditions, and it could not be varied by contemporane-
ous verbal agreements of the parties.  (*Mager* v. *Hutchin-
son,* 2 Gilm. 266.)  The supposed agreement adding to the
terms of the contract was made at the same time that the
contract was signed and before the parties separated, and
was not an independent, subsequent agreement based on
any consideration.  The evidence, in the light most favor-
able to plaintiff, would not warrant a conclusion that there
was a subsequent verbal contract, independent of the writ-
ten one, by which the plaintiff was to have the title and
possession of the stock of goods.  Even if he received the
possession, he would not be entitled to retain it or to re-
cover it in this action after the time for performance on his
part had passed, unless he had tendered performance by of-
fering a deed conveying a merchantable title.  If the plain-
tiff in fact obtained possession, as he claimed, he would not
have a right to secure a specific performance of the con-
tract, either by an action of replevin or in equity, without
performing on his own part.  Instructions on the subject
of possession, given at the request of the defendant, were
not erroneous, although there was no necessity for the repe-
tition of the same rule in four instructions.  The seventh
instruction on the same subject, given at the instance of the
plaintiff, was to some extent inconsistent with the others,
but in view of the evidence it was more favorable to plain-
tiff than the law would justify.  The plaintiff being bound

to make a good conveyance concurrent with the passing of the title to the stock of goods, acquired no title to the goods until he fulfilled the condition on his part, even though the goods may have been actually delivered into his possession.

The deed from Katherine Hermann and husband, under which the plaintiff claimed title, was void at the common law as determined by this court. (*Chase* v. *Palmer,* 29 Ill. 306; *Mickey* v. *Barton,* 194 id. 446; *Whitaker* v. *Miller,* 83 id. 381.) Plaintiff produced witnesses learned in the law in the State of Missouri, who testified that there was no statute in that State changing the common law on that question; that the common law was in force in that State except where the statute had changed it, and that the court of final resort had never decided the precise question involved in this case. It was their opinion that under the law of Missouri a deed signed, acknowledged and delivered, with the amount of the consideration and the name of the grantee left blank and with no specific directions as to the amount or name to be inserted, would be good if the person to whom the deed was delivered afterward filled the blanks, and that such person would have the right to fill in any amount or any name and the deed would pass title to the lands. One witness said that his opinion was a mere deduction from the trend of the Missouri decisions; that other lawyers might differ from that opinion; that an agent had no authority to do anything except what his principal authorized him to do; that if the principal authorized or directed the agent to fill in the name of some specific person he could not fill in the name of some other, and that the courts had never decided whether a deed filled up as this one was would be valid or not. The court, at the request of the plaintiff, instructed the jury that if the Hermanns executed and acknowledged the deed in blank as to the grantee and consideration, without instructions as to the name and amount to be inserted therein, and intended

that the plaintiff should fill in the blanks with any name or amount he might see fit, then, under the law of Missouri, the deed was valid; and, on the other hand, the court told the jury, at the instance of the defendant, that if the plaintiff only had authority from the Hermanns to insert the name of George Cooper or his wife as grantee in the deed but inserted his own name, then the deed was void under the laws of Missouri. These instructions went as far as the testimony on the question would warrant, and taken together covered the ground fully. There was no error in giving them.

It is argued that the court erred in giving instruction 19 at the request of the defendant, and counsel say that it was erroneous because it informed the jury that the deed was void under the laws of this State. The abstract prepared by the same counsel contains instruction 19, and there is no statement or intimation in it concerning the laws of this State or the validity of the deed as tested by such laws. It relates entirely to the laws of the State of Missouri and is not subject to the objection made.

Counsel complain of the refusal of instructions 5 and 8 offered by the plaintiff, which were the same, in substance, as instruction No. 7 which was given and upon which we have already commented. The court did not err in refusing them.

Instruction No. 8 given at the instance of the defendant advised the jury that before the plaintiff could recover he must have been able to perform his part of the contract at the time of or prior to bringing suit, and it is urged that this instruction ignored the provision of the contract for curing material defects that might appear in the title. If there was any defect in plaintiff's title it was his duty to remedy it before demanding possession of the goods, and no question of that kind was raised upon the trial in any way. The plaintiff did not at any time offer to make his

title good or cure any defect, but his claim was that he had a good title by a deed from the Hermanns. It was not error to ignore a question in no way involved in the suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*          。