## COCHRAN & RATHBUN *vs.* NEWTON.

A general agent is not authorized to employ attorneys and counsel, on the credit of his principal, to commence and prosecute a suit in favor of a servant of the principal for a personal injury done to such servant while engaged in the business of the principal.

Therefore where the hands engaged in running a packet boat were assaulted and beaten by the hands employed in a boat running in an opposition line; and the general agent of the association to which the first mentioned boat belonged assumed on behalf of his principals to employ attorneys to commence suits in favor of the persons so beaten; *held* that the principals were not liable for the attorneys' bills.

ASSUMPSIT, to recover the amount of the taxed bills of costs in ten several suits in the supreme court in which the plaintiffs in this case were the plaintiffs' attorneys. Plea, non-assumpsit. The plaintiffs, on the trial before a sole referee, gave evidence tending to show that the defendant was a member of an association of persons formed in the year 1844, for the purpose of running packet boats on the Erie canal between Schenectady and Utica, and that one Flowers was the general agent of the association in conducting its business. It appeared that towards the close of navigation in 1844, one of the boats belonging to the association came in collision with a boat belonging to another line of packet boats on the canal, in the county of Montgomery, upon which a struggle took place between the hands belonging to the respective boats resulting in a breach of the peace, in which several of the hands belonging to the boat ran by the defendants' company were or claimed to have been beaten by their opponents. Shortly after this, the plaintiffs as

attorneys at law commenced the ten suits in which these costs were incurred, in favor of as many plaintiffs, each of whom was a hand on board of the boat in which the defendant was interested, each suit being against ten of the hands employed upon the boat running in the other line, for assaults and batteries alleged to have been committed on the occasion referred to. The plaintiffs gave evidence tending to show that the suits were commenced by the direction of Flowers, acting as the agent of the association of which the defendant was a member. The evidence as to the character of the agency of Flowers, and upon the question whether he actually employed the plaintiffs to commence the suits, was contradictory. The costs in all the suits were proved to have been taxed at $324,52 ; and the referee, after crediting some payments, made a report in favor of the plaintiffs for $294,52. A case having been settled, the defendant moved to set aside the report.

*H. S. Dodge*, for the defendant, among other points, insisted that if it were conceded that Flowers was the agent of the company of which the defendant was a member, to conduct its business of running packet boats, his authority did not extend to the employment of attorneys to commence suits in favor of third persons; and that he could not bind the company by such engagement, though the suits were commenced for parties who were in the employ of the company. He cited *Story on Agency*, §§ 87, 88 ; *Beals* v. *Allen*, (18 *John.* 363 ;) *Schumacher* v. *Lock*, (10 *Moore's R.* 39.)

*J. Cochran*, for the plaintiffs.

The cause was decided at the close of the argument.

*By the Court*, BEARDSLEY, Ch. J. The authority of Flowers, admitting him to have been the general agent of the association, did not enable him to bind his principals in a case like the present. It was not within the scope of his agency. The authority of partners in a mercantile firm is at least as comprehensive as that of the agent in this case; and yet it could not be pretended that a general partner could bind the firm to pay

the costs of a suit in favor of one of its clerks brought for a violation of his personal rights. The suits for which these costs were claimed were remote from the business of the association, and its members are not liable on the contract which it is said their agent entered into. The report must be set aside.

Report set aside.