## MARKHAM v. THE BURLINGTON INS. CO.

1. **Agent:** UNAUTHORIZED SUIT BY: PRINCIPAL NOT BOUND BY JUDGMENT AND SALE THEREUNDER. The power of an agent to contract in the name of his principal does not include by implication the power to bring suit upon the contract. Accordingly, if it be conceded that plaintiff ratified the conduct of his father in procuring a certain policy of fire insurance in plaintiff's name, yet plaintiff is not bound by a judgment for costs against him in an action upon the policy directed by his father, but not authorized by him; and a sheriff's deed for land sold in

satisfaction of such judgment should have been set aside upon proof of the facts.

*Appeal from Franklin District Court.*

WEDNESDAY, OCTOBER 13.

ACTION in equity to set aside a judgment and execution sale and sheriff's deed. The court dismissed the plaintiff's petition, and he appeals.

*J. H. Scales*, for appellant.

*Newman & Blake* and *J. M. Hemingway*, for appellee.

ADAMS, CH. J.—In 1881 an action was brought in the name of this plaintiff, John Markham, against this defendant, to recover upon a policy of fire insurance. Afterwards the action was dimissed, and the costs of the action, amounting to eighty-nine dollars and some cents, were taxed against the plaintiff, and judgment was rendered therefor. An execution was issued, and the land in question, being an improved farm of eighty acres, in Franklin county, was sold and bid in by the defendant; and, after the expiration of the time of redemption, the defendant obtained a sheriff's deed. The action is brought to set aside that deed, and also the judgment, as being a cloud upon the title. The plaintiff's prayer for relief is based upon the alleged ground that he was not a party to the action in which the judgment was rendered, for the reason that he never brought the action nor authorized any one to bring it for him, and had no knowledge of it until after the property in question had been sold. The attorney who brought the action is J. H. Scales, and it is shown, beyond question, that the person who employed him was Stephen Markham, the plaintiff's father.

About 1878 the land in question was bought of one Hrutke, and the deed was executed to John Markham, the plaintiff. The defendant contends, however, that it was in

fact bought by Stephen Markham, and paid for by him, and that the plaintiff has in fact no beneficial interest in the same, and cannot, for that reason, maintain this action.    But in our opinion the evidence shows otherwise.    The plaintiff, John Markham, is a wealthy farmer, residing in Dubuque county; and, while the evidence shows that his father, Stephen, was not at the time of the purchase of the farm entirely without means, he does not appear to have had much, and was in poor health.    John, according to his testimony, and we do not think it is successfully contradicted, purchased the farm with his own money, at his father's request, and with the intention that his father and mother should occupy it, and support themselves from it, while they should live.    With this understanding, the father and mother moved upon the land, cultivated it, and for the most part paid the taxes.    While living there the agent of the defendant company, supposing Stephen, the father, to be the owner of the property, solicited him to take a policy of insurance upon the house, which the father agreed to do.    The policy was made payable to John Markham, who appeared from the deed to be the owner of the property, and who the agent of the company supposed was the person making the application; being ignorant of the fact that the name of the latter was Stephen, and of the fact that he was not the grantee in the deed.    The policy was paid for, as we understand, by Stephen.    Whether he supposed that the policy ran to him or not does not appear.    He could neither read nor write, and is now dead.    It seems probable that he intrusted the whole matter to the agent, and had no definite idea as to how the business should be done, and perhaps never knew as to who was named in the policy as the insured.    He did not, it seems, inform his son as to what had been done in the matter of insurance; and, according to the testimony of the plaintiff, which we think is not successfully contradicted, the latter did not learn that a policy had been issued in his name until after the rendition of the judgment and the execution sale.

After the loss, Stephen carried the policy to Mr. Scales, and asked him to collect the insurance. Scales, believing it necessary to bring an action, proceeded to do so, and, of course, brought it in the name of the insured as shown by the policy. It appears also that he believed that the person employing him was the insured, and that his employer's name was John Markham. The defendant insists that, while it may be true that the plaintiff did not personally employ Scales, he did authorize his employment through his father, as his agent.

The question in the case, then, is, did Stephen have authority, as the agent of the plaintiff, to cause an action to be brought upon the policy? In answer to this question we have to say that we think that the evidence fails to show that he did. It is true that the plaintiff testified, on cross-examination, as follows: "I heard he had the house insured in my name. I approved of it." But we do not think that this shows authority to bring the action. The act of Stephen in taking insurance in the plaintiff's name, and paying for it himself, did not impose any burden upon the plaintiff. Why should he not approve of it. But that is quite a different thing from embarking in what might be expensive and fruitless litigation. Besides, there is no evidence of approval of the insurance, or knowledge of it, until after these costs were made by the commencement and dismissal of the action. It seems to us that it would be a strange doctrine to hold that Stephen was authorized to commence the action by reason of the mere fact that subsequent to the action the plaintiff approved the act of obtaining the insurance. But the case would not be different if the plaintiff had, before the commencement of the action, approved the act of obtaining the insurance, or had expressly authorized it in advance. The power of an agent to contract in the name of his principal does not include by implication the power to bring an action upon the contract. It requires, oftentimes, the profoundest judgment to be able to determine correctly when to engage

in litigation, and when to avoid it, and such power is not conferred upon agents by implication under ordinary circumstances. Some other matters are relied upon as showing authority, but none of them are of any more significance than the one above referred to.

Now, if, as we hold, the action upon the policy was brought without the plaintiff's authority, and without his knowledge or consent, the judgment against him for costs is void, and the sale and deed made under it are void. We think that the plaintiff was entitled to a decree as prayed.

                                                        REVERSED.