## ELLIS v. WAIT.

1. An agent entrusted with a real estate mortgage, executed and acknowledged in blank as to the sum to be secured thereby, and authorized to fill such blank before its delivery, must pursue his authority strictly, and, if he exceeds his authority, the mortgagor is not bound by such mortgage, as between himself and a mortgagee who takes it with

knowledge that it was so executed in blank, and has been filled up by such agent.

2. A real estate mortgage, executed and acknowledged by a wife and her husband, upon the homestead, and executed in blank as to the sum to be secured thereby, and intrusted by her to the husband with authority to fill such blank for the sum of $1,000, and which he, without the knowledge and consent of his wife, filled up with the sum of $1,500 in the presence of the mortgagee and his attorney, is invalid in the hands of such mortgagee, as against the wife and the homestead property.

(Syllabus by the Court. Opinion filed Dec. 20, 1893.)

Appeal from circuit court, Lincoln county. Hon FRANK R. AIKENS, Judge.

Action to foreclose a mortgage alleged to have been executed by William S. Wait and Lucy A. Wait. From a judgment in favor of the defendant Lucy A. Wait plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. B. Kennedy*, for appellant.

Parol authority is adequate to authorize the filling in of blanks in sealed instruments. Speake v. U. S., 9 Cranch 28; Drury v. Foster, 2 Wahl. 24; Allen v. Withrow, 110 U. S. .119; Inhabitants of South Berwick v. Huntress, 53 Me. 89; Bridgport Bank v. Railroad Co., 30 Conn. 274; Burnside v. Waymon, 49 Mo. 357; Field v. Stagg, 52 Mo. 5346; Duncan v. Hodges, 4 McCord; Vanetta v. Evenson, 28 Wis. 33; Schintz v. McManamy, 33 Wis. 301; State v. Young, 23 Minn. 551; Schwartz v. Bellow, 47 Ia. 188; Cribben v. Deal, 27 Pac. 1046; Owens v. Beal, 25 Ia. 412. If the party filling in the blanks exceeds his authority, the deed, providing the grantee of the deed had no knowledge or notice of the limitations placed upon the authority of the agent, is not void. Goodman v. Simons, 20 How. 361; Bank v. Neal, 22 How. 108; Violet v. Patton, 5 Cranch 142; Daniel on Negotiable Instruments, § 142; Story on Bills, § 222; Bank v. Neal, 22 Howe, U. S. 107; Davison v. Lanier, 4 Wall 457; Redlich v. Doll, 54 N. Y. 238; Chitty on Bills, § 29; Story

on Bills, 222; Huntinging Bank, 3 Ala. 186; Snyder v. Van-doren, 46 Wis. 602. The fact that the land covered by the instrument in question was the homestead, does not change the rule. Quinn v. Brown, 34 N. W. 14.

*Joe Kirby*, for respondent.

An instrument signed in blank which is afterwards filled in by the grantee, or with his consent and without any sufficient authority from the grantor, and directly contrary to the grantor's instructions, is void. § 1722, Civ. Code; § 1730, Civ. Code; Jones on Mortgages, 4th Ed. §§ 90, 91; Am. & Eng. Enc. of Law, vol. 15, p. 772; Cross v. State Bank, 5 Ark. 525; Upton v. Archer, 41 Cal. 85; Ingram v. Little, 14 Ga. 173; Whitaker v. Miller, 83 Ill. 381; Richmond Mfg. Co. v. Davis, 7 Blackf. Ind. 412; Ayers v. Probasco, 14 Kan. 175; Cummins v. Cassily, 5 B. Mon., Ky. 74; South Berwick v. Huntress, 53 Me. 89; Kyers v. McClaahan, 6 Gill. & J., Md. 250; Burns v. Lynde, 6 Allan, Mass. 305; Stebbins v. Watson, 71 Mich. 467; Williams v. Crutcher, 5 How. Miss. 71; Graham v. Holt, 3 Ired L. N. C. 300; Ayers v. Hardess, 1 Ohio, 368; Shirley v. Bursh, 18 Pac. Rep. 351; S. C. 16 Or. 83; Chapman v. Lacker, 38 Wis. 43; Gilbert v. Anthony, 1 Yerg. Tenn. 69; Preston v. Hull, 23 Gratt. Va. 600; Hibblewhite v. McMorine, 6 M. & W. 200; Davidson v. Cooper, 11 M. & W, 778, 793; Ayers v. Probasco, 14 Kan. 175.

A mortgage executed completely in all its parts and deposited with another to be delivered on the happening of certain event, is rendered void if delivered contrary to such instructions. Chipman v. Tucher, 38 Wis. 43; Powell v. Conant, 33 Mich. 396; Burson v. Huntington, 21 Mich. 415; Andrews v. Thayer, 30 Wis. 228.

CORSON, J. This was an action to foreclose a mortgage alleged to have been executed by William S. Wait and Lucy A. Wait, his wife, on a quarter section of land in Lincoln county, to secure the payment of a promissory note for $1,500, executed by said William S. Wait. The defendant Lucy A. Wait

answered, alleging that she signed said mortgage in blank, and that thereafter the said plaintiff did, without right or authority from her, insert therein the name of the mortgagee and the amount purported to be secured thereby; and further alleged that the property described in the mortgage was the homestead of herself and her said husband, and was her separate property; and she prayed that the mortgage be canceled of record. Certain issues of fact were submitted to a jury, who found in favor of the defendant Lucy A. Wait, (the respondent herein,) which were adopted and supplemented by findings of fact by the court, and judgment rendered thereon in favor of the respondent, and the mortgage ordered to be canceled and discharged of record. From this judgment, and the order denying a motion for a new trial, the plaintiff appeals to this court.

The findings of the court, and its conclusions of law thereon, are as follows: "(1) That, at all the times in this action mentioned, the defendants, William S. Wait and Lucy A. Wait, were and are now husband and wife, and residing together as such. (2) That, at all the times in this action mentioned, the premises affected by this action. * * * were the homestead of these defendants, and occupied as such. (3) That the defendant Lucy A. Wait did not sign or deliver the mortgage set forth in the complaint, and recorded in Book O of Mortgages, page 586. (4) That the defendant Lucy A. Wait never signed or delivered any mortgage upon said premises, but did sign and deliver a blank paper to her husband, William S. Wait; that, thereafter, without the knowledge or consent of Lucy A. Wait, and without any authority from her, the same was filled out as a mortgage, at the special instigation of the said plaintiff. (5) That the debt secured by said purported mortgage was an antecedent debt owing from William S. Wait to the plaintiff, and that no new consideration passed under the same." "Conclusions of law: (1) That the mortgage mentioned in the complaint, and recorded in Book O of Mortgages, on page 586, in the office of the register of deeds of said Lincoln county,

South Dakota, is void and of no force or effect, and the same is no lien upon the premises therein described. (2) That the defendant is entitled to have the same canceled and discharged of record."

Numerous errors are assigned, but, as only one question was argued by the learned counsel for appellant, it will not be necessary to insert them in this opinion. The facts, briefly stated, are as follows: The mortgage in controversy, with the exception of the amount it was given to secure, was filled up by Mr. Wait at his home, some miles distant from Canton, and signed and acknowledged by himself and wife before a neighboring justice of the peace. The mortgage was executed in the name of one Levi Paxton as mortgagee, but he admits that he had no interest in the mortgage, and that he only acted as the agent of the plaintiff, to whom he transferred the legal title to the mortgage soon after the same was delivered. It appears from the evidence of Mr. Wait and his wife (the respondent herein) that she verbally authorized her husband to insert in the mortgage, as the amount to be secured thereby, the sum of $1,000, on condition that he should not give a mortgage upon his cattle. Subsequent to the execution and acknowledgment of the mortgage in blank as to the amount to be secured thereby, Mr. Wait took it to Canton, where he, in the presence of the counsel for the plaintiff, Mr. Paxton, the person named as mortgagee, and of the plaintiff herein, and in the absence of his wife, and without any other or further authority from her than that above stated filled up the mortgage by inserting, as the amount to be secured thereby, the sum of $1,500, and delivered the same to said Paxton, and also executed a chattel mortgage upon his cattle, and delivered that also.

The learned counsel for the appellant contends that, as Mrs. Wait authorized her husband to fill the blank in the mortgage, and the husband actually filled the blank, no private understanding between herself and husband as to the amount to be inserted can defeat the appellant's right to foreclose the

mortgage; and he further contends that, for the same reason, the delivery of the mortgage was a valid delivery, although the husband in fact executed and delivered a chattel mortgage on his cattle. The learned counsel for the respondent contends that authority to fill a blank in a mortgage cannot be conferred by a verbal authority, under the statute of frauds in this state, and that such an authority can only be conferred by a written instrument. He also contends that, even if such an authority can be verbally conferred, the authority was limited to $1,000, and when Mr. Wait inserted $1,500 he exceeded his authority, and the mortgage, as to Mrs. Wait, was void. He also contends that, as Mr. Wait was only authorized to deliver the real estate mortgage on condition that he should not execute a chattel mortgage on his cattle, therefore, when he did in fact execute a chattel mortgage on his cattle, his authority to deliver the real estate mortgage ceased, and the delivery thereof was unauthorized and void. The doctrine contended for by the counsel for appellant as applicable to negotiable instruments, and which he seeks to have applied in this case, is thus stated by the supreme court of the United States in Bank v. Neal, 22 How, 107: "Where a party to a negotiable instrument intrusts it to the custody of another, with blanks not filled up, whether it be for the purpose to accommodate the person to whom it was intrusted, or to be used for his own benefit, such negotiable instrument carries on its face an implied authority to fill up the blanks and perfect the instrument; and, as between such party and innocent third parties, the person to whom it was so intrusted must be deemed the agent of the party who committed such instrument to his custody, or, in other words, it is the act of the principal, and he is bound by it." Daniel, Neg. Inst. § 142; Angle v. Ins. Co., 92 U. S. 330; Bank v. Douglas, 31 Conn. 180. It will be noticed that the doctrine laid down in the cases cited is limited to negotiable instruments in the hands of innocent third parties. But while the free circulation, use and transfer of negotiable commercial paper seem to require the adoption

of the rule contended for, and which seems to be sustained by the weight of authority, there is not, in our opinion, any necessity for extending the rule to real estate mortgages in favor of parties who have knowledge that the instrument was executed in blank, and the blank filled up by another person. We do not deem it necessary to consider the first proposition of the counsel for the respondent.—that a verbal authority to fill up a blank in a mortgage is insufficient to authorize the agent to fill the same, and that such authority must be in writing,—upon which question the authorities are not agreed; but, in our view of this case, we shall assume that a verbal authority is sufficient. We are of the opinion, however, that the agent authorized to fill the blank must pursue his authority strictly, and if he exceeds his authority, the mortgagor is not bound, as between himself and the mortgagee, who takes it with full knowledge of the fact that it was so executed in blank. Such mortgagee, taking the mortgage with notice that it was so executed in blank, and is filled up by an agent, takes it with full knowledge that it was an imperfect mortgage as it came from the hands of the maker, and that, unless the same is filled up by the agent strictly in pursuance of the authority conferred, the maker is not bound by it, and that it is not his mortgage. If, having notice of the defect in the mortgage, the mortgagee chooses to take it and rely upon the good faith of the agent in filling the blank, without requiring the mortgage to be reacknowledged after the blank is filled up, he assumes the risk that it is filled up in accordance with the authority conferred upon the agent, and, if it is not so done, the mortgage will be void as to the party whose instructions have not been followed. We think there is no injustice in requiring a mortgagee dealing with an agent, under the circumstances disclosed in the case at bar, to ascertain the extent of the agent's authority to fill the blank, and requiring him to assume the risk of the agent exceeding his authority. The general rule is thus stated by Mr. Mechem in his work on Agency: "Persons dealing with an assumed agent, therefore,

whether the assumed agency be a general or a special one, are bound to ascertain, not only the fact of the agency, but the extent of the authority; and, in case either is controverted, the burden of proof is upon them to establish it.'' Section 276 and cases cited. Section 2451, Comp. Laws, being a section of the homestead act, provides that ''a conveyance or incumbrance by the owner of such homestead shall be of no validity unless the husband and wife * * * concur in and sign the same joint instrument.'' It will be noticed that it is not enough that they sign the same joint instrument, but they must concur in executing the same. In this case Mrs. Wait never concurred in or agreed to any incumbrance upon the homestead to secure the payment of $1,500, and never executed, or intended to execute, any mortgage to secure that sum; neither did she execute any mortgage to be delivered to any person, in case Mr. Wait executed a chattel mortgage upon his live stock. Mrs. Wait, it seems from her evidence and that of Mr. Wait, was exceedingly unwilling to execute any mortgage upon her homestead, but by persuasion finally consented that it might be mortgaged for $1,000, provided the live stock was not incumbered by a chattel mortgage. We are of the opinion, therefore, that the mortgage in this action is invalid as against Mrs. Wait, and as against the property described in the mortgage in the hands of the plaintiff, it having been filled up and delivered without her authority. We say as against the plaintiff, for he had notice of the blank, and the manner in which it was filled.

In the case of Ayers v. Probasco, 14 Kan. 175, the facts were almost identically the same as those in the case at bar. In that case the wife, Mrs. Ayers, executed a mortgage on the homestead, in blank as to the amount to be secured by it, rate of interest, and name of mortgagee. She understood and consented verbally that the mortgage might be filled up for $1,000, at 15 per cent. per annum interest to one Challis. The blanks in the mortgage were filled up for $1,100, the rate of interest increased and the name of Probasco was inserted as morgagee instead of

the name of Challis. The court held, on the original hearing, that the agent had no authority to fill the blanks, as no written authority was shown, and the mortgage, as to the wife, was held void. Mr. Justice BREWER did not concur in this view, but concurred in the reversal of the judgment. On a petition for a rehearing the court seems to nave placed its decision more especially upon the ground that the mortgage, as filled up, was not the mortgage that Mrs. Ayers had consented to make, and was therefore invalid in the hands of Probasco, whose agent knew that the mortgage was executed in blank. The case of Van Etta v. Evenson, 28 Wis. 33, relied on by appellant's counsel, is not, when properly considered, in conflict with the views here expressed. In that case Hegg, a stepson of Evenson, had negotiated with a loan agent for a loan to himself, but did not know the name of the principal. Evenson excuted the mortgage to secure this loan, and left the name of the mortgagee blank, and gave it to Hegg to enable him to get the money. It was not understood that the name of any particular person should be inserted, but the name of the person making the loan. The court held that Hegg was impliedly authorized to insert the name of the party making the loan. This was just what Evenson had impliedly authorized Hegg to do. Had Evenson, however, authorized Hegg to insert the name of some particular person, or had the blank been filled up by Hegg for a sum which he was not authorized to insert, then a very different question would have been presented. We have not overlooked the case of Garland v. Wells, 15 Neb. 298, 18 N. W. Rep. 132, in which it was held that "if the agent makes a fraudulent use of the deed intrusted to him, as by inserting the name of a grantee, and delivering it to him without consideration and for his own benefit, such grantee can convey a good title to an innocent purchaser." The question involved in that case was the right of an innocent purchaser, and not of the original party to whom the deed was executed. We are of the opinion that the judgment of the circuit court is correct and the same is affirmed. All the judges concurring: