## KIRBY V. WESTERN WHEELED SCRAPER CO.

An agent authorized to sell machinery in certain designated counties, on commission, has no power to employ counsel to represent his principal generally in legal matters; snd such a contract is not binding on the principal.

(Opinion filed April 27, 1897.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action to recover on a contract for legal services.   Plaintiff had judgment, and defendant appeals.   Reversed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees*, for appellant.

*Joe Kirby*, in *pro per*.

FULLER, J.   This action by an attorney at law is based upon a demand for professional services rendered the defendant, it is claimed, at the instance and request of its authorized agent; and the power of said agent to bind his principal is the controlling question in the case.   A jury trial resulted in a judgment for plaintiff, and the appeal is by the defendant therefrom, and from an order overruling a motion for a new trial. The substantive facts, briefly stated, are as follows:   On the 23rd day of April, 1894, the defendant, a nonresident corporation engaged in the manufacture and sale of the Western Reversible Road Machine and various other implements designed for use in making and repairing public streets and highways, entered into a written contract, through its general agent, T. W. Smith, with Fred Chamberlain, by which the latter was authorized, for the season ending August 1st of that year, to sell, in specified counties of this state, said road machines on commission, subject, in certain instances, to the approval of the company; and there is evidence tending to show that, while thus employed, this agent sold a machine about which some

dispute arose, and, in consequence thereof, he counseled and retained respondent generally as the legal representative of the company. While there are certain circumstances incidentally indicating that Chamberlain held himself out to respondent as the general agent of appellant for the transaction of all business, the undisputed evidence shows that the only authority he actually possessed was conferred by the commission contract to sell the machinery for a limited time, in designated territory, at a fixed price; and no claim is made that appellant acquiesced in the transaction here involved, or ratified the same, by knowingly accepting the benefits thereof.

The statute (Comp. Laws, § 3987) providing that "a general agent to sell, who is intrusted by the principal with the possession of the thing sold, has authority to receive the price," is certainly not broad enough to enable an agent selling on commission, under a contract like the one before us, to retain counsel to act for and at the expense of his principal in all legal matters that may arise anywhere within the state. Respondent was bound to know that an agent authorized merely to sell machinery in a few counties of the state on commission, receive the price, and account therefor to his principal, had no authority to thus bind the latter by a contract retaining his services generally as an attorney at law in all matters relating to the business of the corporation. Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827; Cochran v. Newton, 5 Denio, 482; Leu v. Mayer, 52 Kan. 419, 34 Pac. 969; Markham v. Insurance Co., 69 Iowa, 515, 29 N. W. 435. "A power of attorney to sell, assign, transfer, pledge, mortgage, lease, and convey, and to make contracts for the sale of, all or any estate, etc., does not authorize the attorney to employ and advise with counsel relating to the principal's interest." Harnet v. Garvey, 36 N. Y. Super. Ct. 326. "Persons dealing with an assumed agent, whether the assumed agency be a general or a special one, are bound to ascertain, not only the fact of the agency, but the extent of the authority; and, in case either is controverted, the

burden of proof is upon them to establish it." Ellis v. Wait, 4 S. D. 454, 57 N. W. 229. Aside from the contract which ought to have been construed by the court, there was nothing to show that appellant had delegated any authority to Chamberlain, and, there being no facts to submit to the jury in support of the complaint, the case should have been decided, as a matter of law, in favor of appellant. A proposition so elementary will neither justify further elucidation nor the citation of supporting authority. The judgment appealed from is reversed.