### LUND v. THACKERY *et al.*

1. A deed executed and acknowledged by the grantor, with the name of the grantee left blank, to be inserted by an agent, is invalid for any purpose until the name of the grantee is inserted therein.

2. Under Civ. Code, § 938, providing that estates in real property, other than at will or for a term not exceeding one year, can be transferred only by operation of law, or by an instrument in writing subscribed by the party disposing of the same, or by his agent thereunto authorized by writing, an agent not authorized by writing cannot insert the name of the grantee in a deed executed and acknowledged by the grantor, with such name left blank, so as to vest title in a grantee who knows that the instrument was executed in blank.

3. Where a deed, having the name of the grantee and consideration left blank, was placed in the hands of an agent, to be delivered when title should be accepted, and the purchase money deposited in the bank in the name of the grantee, the principal was not bound by the filling of the blanks and delivery of the deed before the title was accepted, and the consideration placed absolutely under his control, to a purchaser who knew that the deed was executed in blank.

4. One who has no right to property cannot question the validity of a deed from a former owner thereof to another.

(Opinion filed June 1, 1904.)

Appeal from circuit court, Davison county; Hon. FRANK SMITH, Judge.

Action by J. C. Lund against G. W. Thackery and another.

From a judgment for plaintiff, defendants appeal. Reversed.

*Preston & Hannett*, for appellants.

An instrument purporting to convey the fee simple title to land, is of no legal effect as a conveyance of real estate until the name of the grantee appears therein. Wunderlin v. Cadogan, 50 Cal. 613; Garnet v. Garnet's Lessee, 23 Ky. 545; Allen v. Withrow, 110 U. S. 119; Clark v. Butts, 76 N. W. 199; Allen v. Allen, 51 N. W. 473; Upton v. Archer, 41 Cal. 85; Viser v. Rice, 33 Tex. 139; Bragg v. Fessenden, 11 Ill. 544; Williams v. Critcher, 5 How. 71; Vinyard v. O'Connor, 90 Tex. 59; Bay v. Posner, 78 Md. 42; Newton v. McKay, 29 Mich. 1.

A deed of real estate to be effective, as a conveyance, must designate a grantee. Hennings v. Paschke, 84 N. W. 350.

The legal title does not pass by a deed in which the name of the grantee is left blank. Arguello v. Bours, 67 Cal. 447.

*George W. Case*, for respondent.

A deed executed in blank is sufficient to convey title. Bank v. Neal, 22 Howard 107; Ellis v. Wait, 4 S. D. 454; State of Kansas v. Matthews, 10 L. R. A. 380; Pence v. Arbuckle, 22 Minn. 417; United States in Bank v. Neal, 22 How. 107; Angle v. Insurance Company, 72 U. S. 330; Devlin on Deeds, vol. 1, sec. 457; Lockwood v. Bassett, 49 Mich. 456; VanEtten v. Evenson, 22 Wis. 33.

The execution of the deed in blank, and the delivery thereof, implied authority to fill up all blanks. Hunt v. Adams, 6 Mass. 519; State v. Young, 23 Minn. 55; Bank of Pittsburg v. Neal, 22 How. 248; Drury v. Foster, 2 Wall. 24; Vliet v. Camp, 13 Wis. 221; Smith v. Croker, 5 Mass. 538; Ellis v. Wait, 4 S. D. 454; Schintz v. McManany, 33 Wis. 299; Schwartz v. Ballou, 29 Am. Rep. 470.

It is not necessary that the consideration is named, providing that a consideration was in fact paid, and proven at the trial of the case.   Wood v. Chapin, 13 N. Y. 509-457; Tiffany on the Modern Law of Real Property, vol. 2, p. 876; Enc. of Law, vol. 5, p. 435; Good v. Moulton, 67 Cal. 63.

. CORSON, P. J. .In August, 1902, the defendant, G. W. Thackery and wife signed and acknowledged an instrument in writing purporting to be a deed of a quarter section of land situated in Davison county, in this state.   No grantee was named in the instrument, nor was the consideration expressed therein.   G. W. Thackery and wife were residents of the state of Illinois, and the instrument so signed and acknowledged was left in the hands of one J. W. Hunt, who also resided in that state.   Hunt subsequently forwarded the instrument, with the name of the grantee and the consideration in blank, to the First National Bank of Mitchell, in this state, with directions to fill the blanks and deliver the same to J. G. Lund upon payment of the sum of $2,600.   The bank at Mitchell forwarded the instrument to the Watertown State Bank, Watertown, S. D., and directed it to fill up the blanks and deliver the instrument to the said Lund upon payment of the sum mentioned.   The bank at Watertown filled the blanks with the name of J. G. Lund and $2,600, and delivered the deed to him, and remitted a draft for that sum to the bank at Mitchell, with directions to retain the same until a certain mortgage appearing upon the abstract of title should be released of record, and the title shown to be free and clear of all incumbrances.   The cashier of the bank at Mitchell thereupon placed the proceeds of the draft to his own credit, in whose name it still stands on the

books of the bank. On the 9th day of September, the day the bank at Mitchell forwarded the deed to Watertown, it received a telegram from G. W. Thackery requesting the bank to return the deed to him. Thackery refused to satisfy one of the mortgages for about $300, outstanding against the property, and claimed that neither Hunt nor either bank had any right to fill up the blanks and deliver the deed, and on September 15th he conveyed the property to his brother Amos Thackery by deed. Thereupon this action was instituted by the plaintiff to cancel of record the said deed so made by G. W. Thackery to his brother Amos Thackery. The case was tried to the court without a jury, and, its findings of fact and conclusions of law being in favor of the plaintiff, judgment was entered cancelling the deed to Amos Thackery; and from the judgment, and order denying a new trial, the defendants have appealed.

It is contended by the appellants that an instrument in writing purporting to convey land, executed and acknowledged by the grantor, in which the name of the grantee is not inserted, is absolutely void, and conveys no title, and that, under the Code of this state, an agent not having authority in writing is not authorized to insert the name of a grantee therein, and that Hunt, therefore, who received this deed from the grantor with no name of a grantee therein, was not authorized to insert such name, and that he could confer no authority upon either the bank at Mitchell or the bank at Watertown to insert the name of a grantee and deliver the deed to the person so named, where the grantee whose name is inserted in the deed had full knowledge of all the facts in the case. The authorities quite generally agree upon the proposition that such an instrument is invalid for any purpose until the name of a grantee is in-

serted therein. But as to whether or not an agent may be au-thorized by parol to fill the blank, the decisions are not in har-mony. Section 938 of our Civil Code provides: ''An estate in real property, other than an estate at will or for a term not ex-ceeding one year, can be transferred only by operation of law, or by an instrument in writing, subscribed by the party dis-posing of the same, or by his agent thereunto authorized by writing.'' It will be observed the language is ''or by his agent thereunto authorized by writing.'' This section is a copy of the proposed Civil Code of New York (section 483), and also of section 1091 of the Civil Code of California. In Upton v. Archer, 41 Cal. 85, 10 Am. Rep. 266, the Supreme Court of that state held, ''A deed in due form, signed and acknowledged by the grantor, does not become his deed until the name of the grantee is inserted therein, and an agent of the grantor cannot insert the name of a grantee in the absence of the grantor un-less his authority is in writing;'' and in the opinion the court said: ''When that instrument was left with Webster by the plaintiff, it was not his deed, for the obvious reason that there was only one party to it. No one could convert it into his deed except the plaintiff himself, or some one by him thereto duly authorized; and as it could not become the plaintiff's deed until the name of a grantee was inserted, that act could not be per-formed by an agent, in the absence of the plaintiff, unless his authority was in writing.'' In Wunderlin v. Cadogan, 50 Cal. 613, the law as laid down in the former case seems, in effect, to be approved by the court. In the latter case the court says: ''At the time that the latter conveyance was made, the legal title was in the grantors, for the instrument previously deliv-ered by them to Clark, which is the pretended deed to Mar-

shall, was void as a conveyance, there being no grantee mentioned therein."

It is contended by the appellants that, inasmuch as the statute upon the subject of conveyances appears to have been copied from the Civil Code of California, we should take it with the construction placed upon the section by the Supreme Court of that state; but it is not entirely clear that the section of our Code referred to was taken from the California Code, as many of the provisions of our Code were taken directly from the proposed Civil Code of New York, and became a part of the law of the territory prior to the adoption of the Code by the state of California. In any view, however, the decision of that learned court upon a provision of the Code identical with that of our own is entitled to great consideration. In Ingram v. Little, 14 Ga. 173, 58 Am. Dec. 549, the Supreme Court of Georgia, in an exhaustive opinion, arrived at the conclusion that "an instrument incapable of having any operation, and being no deed at the time of its execution, cannot afterwards become a deed by being completed and delivered in the absence of the party who executed it, by a stranger unauthorized by an instrument under seal"; and the court, in its opinion, says: "The great question in this case is upon the validity of the deed. It was duly signed, sealed, attested and written out, except as to the name of the feoffee, the amount of the purchase money to be paid for the land, and some other things not material. In this condition it was taken by Mr. Anderson to Milledgeville, and there, in the presence of the purchaser, Mr. Little, he and the brother of the grantor, acting under a parol authority, filled out the blanks and delivered it. Subsequently Adair, the feoffor, acknowledged in the presence of a witness

sworn on the trial, that this document was his deed. Our opinion is that as a muniment of title the deed is void, because the execution was consummated by filling the blanks by an agent in the absence of a feoffor, acting by authority in parol." It will be noticed that this case is quite similar to the one at bar, the name of the grantee and the consideration not being inserted in the deed at the time of its execution. In the case of Whitaker v. Miller, 83 Ill. 381, the Supreme Court of Illinois says: "As we have seen the deed was executed in blank, and the law had been definitely settled, by the decision of this court in Chase v. Palmer, 29 Ill. 306, that a deed without the name of a grantee when it is acknowledged is invalid. It is said there must be in every grant a grantor, a grantee, and a thing granted, and a deed wanting in either essential is absolutely void. Holding, as we do, the deed was executed in blank, the most favorable view that can be taken is that there was parol authority from the grantor to fill in the grantee's name, and hence the deed would be valid as to innocent purchasers. * * * The rights of no innocent purchasers had then intervened, and what Miller may have done afterwards could not bind her." The courts of some of the other states hold that an agent authorized by parol may fill such blanks. But in view of the mandatory language of our Code, we are inclined to adopt the rule laid down in the cases from which we have quoted. No one would claim, we apprehend, that in this state an agent not authorized so to do by writing could convey the real property of his principal. If he could not legally execute a deed in such a case, upon what principle of law can it be held that he may be authorized by parol to do any act essential to the transfer of the property to a grantee having full knowledge of the fact

that the instrument was executed with the name of the grantee in blank?

It is contended by the respondent that this court, in Ellis v. Wait, 4 S. D. 454, 57 N. W. 229, held that an agent might be authorized by parol to insert the name of a mortgagee in a mortgage. But the learned counsel must have overlooked the fact that we distinctly declined to pass upon that question, as it was not necessary in that case. The court in its opinion said: "We do not deem it necessary to consider the first proposition, * * * that verbal authority to fill up a blank * * * is insufficient to authorize the agent to fill the same, * * * but, in our view of the case, we shall assume that a verbal authority is sufficient"—that is, for the purposes of that decision. This court did as it clearly intended to do—left this question undecided until a decision should be necessary.

It is contended by the appellants that, assuming that Hunt was authorized to fill the blanks in the deed, he was not authorized to deliver the same before the title was accepted by Lund, or to require the bank at Mitchell to remit to him a draft on Chicago in his name. We are of the opinion that the appellants are right in this contention. The agent, in any event, had his authority been in writing, as given orally, was only authorized to deliver the deed when the title should be accepted, and the money deposited in the bank in the name of G. W. Thackery, less the agent's commission. The verbal arrangement between Thackery and Hunt was that the deed should be delivered upon the payment of $2,600. It was clearly not contemplated by Thackery that the deed should be delivered to Lund before Lund had accepted the title, and paid or deposited the money to his credit. Neither was it contem-

plated that Thackery should be involved in a lawsuit, or compelled to pay any claims that might be made against the property before he would be entitled to the consideration by the delivery of the deed before the title was accepted by Lund. It would have been clearly the duty of the agent, had he received the authority in writing which was conferred upon him verbally, to have withheld the deed until all the matters affecting the title should have been adjusted, and the consideration paid to, or deposited in the name of, Thackery, or at least the net sum of $2,500, which Thackery was to receive. The powers and duties of an agent in such a case, and the rights and liabilities of the grantee or mortgagee who takes a deed or mortgage with knowledge that the same was executed with blanks left to be filled up by an agent, are so fully discussed in the case of Ellis v. Wait, supra, that a further discussion is not necessary at this time. We are clearly of the opinion, therefore, that, had Hunt been authorized in writing to fill the blanks and deliver the deed, he exceeded his authority in delivering it before the title to the property was accepted, and the consideration placed absolutely under the control of Thackery, less a commission of $100. In any view of the case, therefore, the defendant Thackery was not bound by the alleged filling of the blanks and delivery of the deed to Lund, who had knowledge of the fact that the deed was executed with the name of the grantee and consideration left blank when executed, as he assumed the risk that the agent was strictly pursuing his authority in delivering the same, and that he was legally authorized to fill the blanks before making such delivery. As the plaintiff has no right to the property, he is not in a position to question the validity of the deed from G. W.

Thackery to Amos Thackery, and the court was in error in entering judgment cancelling said deed.

The judgment of the court below and order denying a new trial are reversed, and the circuit court is directed to dismiss the action.