HULSETHER, Respondent, v. PETERS et al., Appellants.

(167 N. W. 497.)

(File No. 4289.    Opinion filed May 13, 1918.)

1. **Mortgages—Recording of—Non-resident Mortgagee, Filing by in County Where Land Believed to Be—Determinative Court Decision, Negligence, as Affected By.**

    Where land which many supposed to lie in Stanley county, but which the Supreme Court decided, in 1912, to be in Lyman county, was mortgaged to plaintiff, a resident of Wisconsin, who recorded the mortgage in Stanley county, **held,** that, it appearing that he did not become aware of said decision for a considerable time after its rendition, his failure to file the mortgage in Lyman county for nearly two years thereafter did not constitute negligence.

2. **Vendor and Purchaser—Grantee's Knowledge of Incumbrance— Paramountsy of Mortgage.**

    Persons having knowledge of existence of a mortgage at time of taking title to the land, take subject thereto.

3. **Conveyancing—Deed, Grantee in Blank, Inserted Without Written Authority, Validity—Statute.**

    Civ. Code, Sec. 938, provides that an estate in realty, other than an estate at will or for a term not exceeding one year, can be transferred only by operation of law or by an instrument in writing subscribed by him disposing of same or by his agent thereunto authorized by writing. **Held,** that a deed executed with name of grantee in blank, which was subseqeuntly inserted by one having no written authority, and delivered to such nominal grantee, is void.

**4. Same—Grantee in Blank—Void Deed, Who May Attack? Others Than Grantor—Statute**

Where a deed was void for want of a grantee when executed, under Civ. Code, Sec. 938, requiring conveyances to be subscribed by the party disposing of the property or by his agent thereto authorized by writing, not merely the grantor, but any person whose rights would be affected by it, may take advantage of its invalidity.

**5. Principal and Agent—Knowledge of Void Deed—Agent's Knowledge, Chargeable to Principal.**

A grantee, whose name was subsequently to its execution inserted therein as grantee, the deed being void therefor, is chargeable with his agent's knowledge of such invalidity.

Whiting, P. J., dissenting.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by H. A. Hulsether, against John W. Peters and others, to foreclose a realty mortgage. From a judgment for plaintiff ,and from an order denying a new trial, defendants appeal. Affirmed.

*Bartine & Bartine, and W. V. Steuteville,* for Appellants.
*House & Dyer,* for Respondent.

(3)  To point three of the opinion, Appellants cited: Orfsby v. Johnson, 24 S. D. 494, 124 S. W. 436; Guthrie v. Field, L. R. A. (U. S.) 326 (Kan.) and cases in note; McClearey v. Wakefield, 2 L. R. A. 529.

Respondent cited: Lund v. Thackery, 18, S. D., 113; Upton v. Archer, 4 Cal., 85.

(5)  To point five of the opinion, Appellant cited:  Vol. 7, Ruling Case Law, 659; 2 Corpus Juris, Secs. 519, 520, 521, page 837; Sec. 723, Mecham on Agency, page 553.

POLLEY, J.  This action was commenced to foreclose a mortgage on a quarter section of land in Lyman county.  Findings of fact and conclusions of law were in favor of plaintiff, and decree of foreclosure entered accordingly.  Defendants assign the insufficiency of the evidence to support the findings of fact, and appeal to this court.

After a careful examination of the evidence, we are satisfied that the findings are not against the weight of the evidence, and they should not be disturbed.

[1]  The facts that are material to a determination of the

questions involved are as follows: Defendant Peters was the owner of the mortgaged land, as patentee from the United States government. On the 18th day of August, 1909, he executed and delivered to plaintiff his promisory note for $700, and, as security for the payment of said sum of money, executed and delivered to plaintiff a mortgage on said land. This mortgage described the land as being in Stanley county, and the mortgage was immediately recorded in that county. The reason why the mortgage was recorded in Stanley county is because the mortgaged premises are a part of a strip of land about two miles in width, lying along the boundary line between Lyman and Stanley counties, and which, prior to October, 1912, was believed by many to be in Stanley county. But, by a decision of this court, handed down on the 1st day of October, 1912 (Collins v. Lyman County, 30 S. D. 104, 137 N. W. 600), it was determined that said strip of land is within and is a part of Lyman county. Plaintiff was a resident of Wisconsin, and does not appear to have become aware of said decision for a considerable length of time after it had been handed down, and did not file his mortgage for record in Lyman county until the 22d day of May, 1914. Because of the reasons set out in the opinion of the court in Collins v. Lyman County, supra, negligence cannot be imputed to plaintiff for not having sooner filed his mortgage for record in Lyman county.

[2]   On the 30th day of July, 1913, defendant Peters (the mortgagor) executed a quit-claim deed, purporting to convey the title to the mortgaged premises, but which deed contained no mention of plaintiff's mortgage. This deed, as originally prepared, contained the name of defendant Williams as grantee, but his name was erased, and defendant Chew's name inserted as grantee. Whether this change was made before or after the deed was executed by Peters does not appear from the evidence. Chew, on the same day, executed a deed in which no mention of plaintiff's mortgage is made, and which contained full covenants of warranty, purporting to convey the title to said land to the defendant Williams. On the same day Chew forwarded the patent, the deed from Peters to Chew, and the deed from Chew to Williams, to the register of deeds of Lyman county, and all of said instruments were received and filed for record in the office

of the said register of deeds on the 31st day of July, 1913. On the 16th day of August, 1913, defendant Williams and wife acknowledged the execution of a warranty deed, bearing date August 8, 1913, purporting to convey the mortgaged premises, but which did not contain the name of a grantee. This instrument Williams left with Chew, with permission to Chew to insert his own name as grantee or that of any one else to whom he might wish to sell the property. This deed remained in the possession of Chew until about the 6th day of May, 1914, when he and one J. E. Leas, who was acting as agent for defendant Lund, negotiated an exchange of the said mortgaged premises for a piece of land owned by Lund in the state of Minnesota. Lund's land was deeded to Chew, and the deed that had been executed in blank by Williams and wife was, by Chew, turned over to said Leas. Thereafter one Schlester inserted Lund's name therein as grantee, and the deed was delivered to Lund. This deed was recorded in Lyman county on the 8th day of June, 1914, a period of 17 days after plaintiff's mortgage was recorded in that county. The trial court found as a fact that, at the time Chew and Williams took their title to the land they both had actual knowledge of plaintiff's mortgage. Having had knowledge of the existence of plaintiff's mortgage at the time they took their title, they, of course, took such title subject to plaintiff's rights under the mortgage.

[3] It is the contention of the respondent that the deed under which defendant Lund is claiming title, having been executed in blank, is void for any purpose, under the rule announced by this court in Lund v. Thackery, 18 S. D. 113, 99 N. W. 856, and again affirmed in Ballou v. Carter, 30 S. D. 11, 137 N. W. 603. Lund v. Thackery, supra, is practically on all fours with this case. The grantor executed and acknowledged a purported deed, leaving the name of the grantee blank. Said deed was then forwarded to an agent, with directions to insert the name of the grantee and, upon paymnt of the purchase price, to deliver such deed to such grantee. The party to whom the deed was forwarded sent it to a third party, with directions similar to those given by the grantor. This party inserted the name of a grantee and delivered the deed to such grantee. This court held that, in view of the provisions of section 938, Civil Code, such deed

was void. It is true the deed in that case contained neither the consideration for the conveyance nor the name of the grantee; but that is not material. If one essential element of the deed may be omitted, so may others. In Lund v. Thackery, supra, this court, quoting from Chase v. Palmer, 29 Ill. 306, said:

"It is said there must be in every grant a grantor, a grantee, and a thing granted, and a deed wanting in either essential is absolutely void."

[4, 5] It is contended by appellants that it is only the grantor who can take advantage of an infirmity such as existed in the deed involved in this case. But in this contention they are in error. The name of the grantee in the deed from Williams to Lund, not having been inserted therein by a person having written authority so to do, said deed was void under the provisions of section 938, Civil Code. Lund v. Thackery, supra; Ballou v. Carter, supra; Chase v. Palmer, supra. And, such deed being void, any person may take advantage of its infirmities whose rights would be affected by it. Neither is defendant Lund in position to claim any rights as an innocent purchaser. Whether he had personal knowledge of such defect in the deed when he parted with the consideration therefor is immaterial. His agent Leas had such knowledge, and Lund is chargeable with the knowledge possessed by his agent.

Plaintiff's rights under his mortgage are not dependent upon nor affected by the registration law. Therefore it is not necessary to consider the condition of the records in Lyman county.

The judgment appealed from is affirmed.

WHITING, P. J. (dissenting). I am at a loss to understand the exact views of the majority of this court. Do they intend to hold that, because "negligence cannot be imputed to plaintiff," the recording of his mortgage was timely and his rights were preserved under the recording act? On the other hand, do they intend to hold that Lund's rights under his deed, if such deed had been valid, would have been prior to and would have cut out plaintiff's rights under his mortgage, but that Lund acquired nothing under his deed? In the one case all that is said as to the validity of Lund's deed is obiter; in the other case any reference to the recording act is obiter.

The trial court held that Lund acted in absolute good faith. That being true, though plaintiff's failure to record his mortgage in Lyman county was through an honest mistake as to the county in which the land was situate, it seems clear that Lund's rights would have been superior, provided he acquired anything through his deed; in other words, if Lund's name had been properly inserted in his deed prior to its delivery, Lund's rights would have been, under the recording act, superior to plaintiff's.    . .

Is it a fact that Lund did not acquire William's title? I think not. Plaintiff and the majority of this court rely upon the decision in Lund v. Thackery, but fail to recognize the difference between the facts in that case and those in this one. In Lund v. Thackery, the grantor attempted to recall the deed before it was ever filled out or delivered; he repudiated the acts of Hunt and the banks; and he did not receive or accept the consideration paid. The instrument he had executed remained invalid, and therefore never conveyed any title. In the case before us, the consideration, Lund's deed to Chew, was delivered to and received by Chew, who clearly had authority from Williams to receive same, Chew being in fact the owner of the equitable title to this land. By receiving such consideration, the act of filling in the grantee's name was ratified, and neither Williams or Chew could ever question the validity of such deed or Lund's title thereunder. Lund having received, in good faith, prior to the recording of plaintiff's mortgage, the full title to this land, exactly as he would have received it if his name had been inserted in the deed by Williams, the recording act furnished him full protection.