# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

BARBER, Respondent, v. DAKOTA NATIONAL BANK,
Appellant.

(190 N. W. 79.)

(File No. 5129. Opinion filed September 29, 1922.)

**Mortgages—Knowledge—Constructive Notice—Alteration of Instruments—Record Held Not to Impart Constructive Notice of Mortgage as Altered, Alteration Being Without Mortgagor's Consent.**

Where, after a mortgage was recorded, the register of deeds discovered that mortgagor did not own the property described, and the notary, who took the acknowledgment, being also the president of the mortgagee company, without mortgagor's knowledge, changed the range in the description, so as to comply with the intention of the parties, and the register of deeds changed the description on record and grantor's index, but failed to change numerical index, such alteration held to be void, as against mortgagor's grantee by warranty deed, who had no actual knowledge of the mortgage and who examined only the numerical index; and held, that the alteration, made without the consent of mortgagor, was void and that the record did not impart constructive notice of the mortgage as altered.

Appeal from Circuit Court Bon Homme County; HON. R. B. TRIPP, Judge.

Action by J. L. Barber against the Dakota National Bank. From a judgment for plaintiff, and an order denying motion for new trial, defendant appeals. Judgment and order affirmed.

*C. H. Dillon* and *Clark & Henderson,* all of Yankton, for Appellant.

*Wicks & Quinn,* of Scotland, and *French, Orvis & French,* of Yankton, for Respondent.

1—Vol. 46, S. D.

GATES, P. J.   Action to quiet title, begun May 6, 1921. Trial to the court.   Findings, conclusions, and judgment for plaintiff.   New trial denied.   Defendant appeals.

One Sip executed and delivered to defendant on December 29, 1920, a duly acknowledged mortgage. on the *southwest* quarter of section 20, township 95, range *58*, which was filed and recorded in the register of deeds' office on January 15, 1921.   Thereafter the register of deeds returned said mortgage to defendant, with the information that title to said land was not in Sip, and that he owned the *southeast* quarter of section 20, township 95, range *59*, and suggested that defendant correct the description and return it for correction upon the record.   The notary who took the acknowledgment, and who was the president of defendant, changed the description in the mortgage to make it cover the *southeast* quarter of section 20, township 95, range *59*, without the knowledge or consent of Sip, and without taking a reacknowledgment returned it to the register of deeds, who changed the record accordingly, and changed the description in the grantor's and grantee's index, but did not then change the numerical index, but did so after the recording of plaintiff's deed.   Sip owned the *southeast* quarter of section 20, township 95, range *59*, and intended to mortgage it to defendant, but did not own the land first above described.   On February 28, 1921, Sip executed and delivered to plaintiff a warranty deed of said land that he did own, in which it was recited that the land was free of incumbrance, except three described mortgages, which did not include defendant's mortgage. This deed was recorded March 1, 1921.   Before purchase, plaintiff examined the numerical indexes in the register of deeds' office, but did not examine the grantor's index.   Plaintiff did not have actual knowledge or notice of defendant's mortgage.

As we view the case, the sole question is whether the records in the register of deeds' office operated to give plaintiff constructive notice of it.   It is entirely clear to us that they did not. The mortgage was altered without the written authority of the mortgagor.   Such alteration was void.   Lund v. Thackery, 18 S. D. 113, 99 N. W. 856.   The register of deeds wrongfully and without warrant of law changed his records and indexes.   Notwithstanding such changes in the mortgage and in the records and indexes, the records still continued to impart constructive

notice of the mortgage as it was originally written and recorded; but such records did not and could not impart constructive notice of a mortgage on the altered description. Moelle v. Sherwood, 148 U. S. 21, 13 Sup. Ct. 426, 37 L. ed. 350. The controlling principle is analogous to that in Cannon v. Deming, 3 S. D. 421, 53 N. W. 863. There a deed without the required certificate of acknowledgment attached was actually recorded. The record was held not to impart constructive notice of the deed.

The judgment and order appealed from are affirmed.

Note—Reported in 190 N. W. 79. See American Key-Numbered Digest, Mortgages, Key-No. 171 (4); 27 Cyc. 1209.