STALTING et al, Plaintiffs, v. STALTING et al, Defendants,
KINGSLEY, et al, Appellants.

(217 N. W. 390.)

(File No. 5966.   Opinion filed December 31, 1927.)

*Bogue & Bogue,* of Parker, for Appellants.

*Danforth & Barron,* of Sioux ·Falls, and *H. Van Ruschen,* of Salem, for Respondents.

CAMPBELL, P. J. This case arises upon the same state of facts as No. 5937, Stalting et al, Plaintiffs and Appellants, v. Stalting et al, Defendants and Respondents, 52 S. D. 309, 217 N. W. 386, opinion in which has been this day filed. Reference is hereby made to the opinion in case 5937 for a complete statement of the facts involved. This case No. 5966 is a cross-appeal in the same action below, taken by the defendants named above in the title as appellants, being the grandchildren whose names were inserted after the death of Julius, the grantor, in deed 3 and deed 4 as set out in the statement of facts in case No. 5937 (excepting Lyle Kingsley, the after-born grandchild). The present appeal is from so much of the judgment as determined that the realty described in deeds 3 and 4 was not as a matter of law conveyed by said deeds to the grantees now therein named, and determined that the realty described in deeds 3 and 4 never in fact passed out of ·the grantor Julius, and from so much of said judgment as distributed the same to the heirs of Julius. In other words, there is presented by this cross-appeal the questions involved with reference to deeds 3 and 4, the facts concerning which are fully set out in the opinion in case No. 5937.

Appellants contend that the delivery of deeds 3 and 4 by the grantor, Julius, to the notary, Armstrong, was in fact an absolute and unconditional delivery, with intent to vest a present interest enjoyable in the future, placing the instruments beyond the dominion of the grantor, and therefore complete and sufficient for all purposes, as was determined by the learned trial judge with reference to deed 1 and deed 2 (and to that extent affirmed by this court in the opinion of even date in case No. 5937), and that the depositary, Armstrong, had full right, power, and authority, after the death of the grantor, Julius, to insert in deeds 3 and 4 the names of the persons whose names now appear as grantees therein, at least with the exception of the after-born Kingsley grandchild Lyle, who is not a party appellant to the cross-appeal. As set out in the opinion in No. 5937, the Kingsley cross-appellants were all living at the time the grantor, Julius, signed deed 3, and constitute all of the Kingsley grandchildren then living. The cross-appellant

Hoffine was living at the time the grantor, Julius, signed deed 4, and was the only Hoffine grandchild then living.

Upon this cross-appeal appellants seek to justify the insertion of the names of the grantees in deeds 3 and 4 under the rule adopted by this court in O'Connor v. McCabe (1920) 42 S. D. 506, 176 N. W. 43, wherein, after the death of the grantor, the scrivener, who was also the depositary, changed and rectified the description of the land in the deed. It is to be observed that in the O'Connor Case the deed was complete and duly executed when left with the depositary—nothing was lacking therein to constitute all the formal requisites of a deed. By a mere clerical error on the part of the scrivener the deed contained a misdescription, and this court approved the subsequent correction thereof.

The case at bar differs in essence from the O'Connor Case. Here there was no completed deed at the time of signing by the grantor, nor in his lifetime. An essential and necessary element, a named or designated grantee, was entirely lacking. This court has several times held that a deed in that condition is invalid for any purpose until the name of a grantee is lawfully inserted therein. Lund v. Thackery (1904) 18 S. D. 113, 99 N. W. 856; Ballou v. Carter (1912) 30 S. D. 11, 137 N. W. 603; Hulsether v. Peters (1918) 40 S. D. 423, 167 N. W. 497.

As pointed out in the opinion in case No. 5937, the evidence of the scrivener Armstrong is not entirely clear and satisfactory as to just how, or by whom, the names of the grantees desired to be named in deeds 3 and 4 were to be procured and inserted in the deeds. The witness, however, seemed to be of the view that he himself was to secure the names, and in this connection his last testimony upon cross-examination was:

"Q. And then you are not sure whether he told you that he would come back and give you the names of those grantees? A. My recollection—I am rather inclined to think that he didn't tell me so. He might have said so, but I don't believe he did. I believe he told me to get them and insert them.

"Q. Well, he may have told you he would come back and give you that information? A. He might have; I don't think so, though."

We do not believe, however, that this point is highly material. If the grantor himself was to procure and insert the

names of the grantees, he failed to do so, and the deeds never became valid. If the grantor undertook to make Armstrong his agent to procure and insert such names, such agency must fail, because not in writing. Section 540, Rev. Code 1919 (formerly section 938, Rev. Civ. Code 1903); Lund v. Thackery, supra; Dal v. Fischer (1906) 20 S. D. 426, 107 N. W. 534; Hulsether v. Peters, supra. And in the instant case, waiving any question as to the fact that the agency, if any was sought to be created, rested in parol, such agency was revoked and terminated by the death of the principal, and it affirmatively appears that no attempt was made to exercise any authority thereunder until after such death.

We are clearly of the opinion that deeds 3 and 4 never were, and never became, of any validity, and the judgment of the court below with regard thereto, which is questioned by this cross-appeal, is affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.